JOSEPHINE WHITLATCH, Appellant, *v.* THE FIDELITY AND CASUALTY COMPANY of New York, Respondent.

*Life insurance — suicide as a defense to an action on the policy — burden of proof.*

When in an action upon an accident life insurance policy, the defendant, the insurance company, avers as an affirmative defense that the insured intentionally inflicted the injuries which caused his death, the burden of proof to establish intentional injury rests upon the defendant; and if the proof fails to show whether or not the injuries were intentional, the defense is not made out, as the plaintiff is not required to prove a negative.

In an action on a life insurance policy, the plaintiff is not required to allege and prove that death did not result from suicide.

APPEAL by the plaintiff, Josephine Whitlatch, from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 14th day of February, 1893, upon a verdict rendered at the Kings County Circuit in favor of the plaintiff for $100 and interest, and from an order denying the plaintiff's motion for a new trial made upon the minutes.

The plaintiff claimed as beneficiary under an accident insurance policy issued by the defendant upon the life of plaintiff's husband, James W. Whitlatch. This policy insured Whitlatch "in the sum of ten thousand dollars against death resulting from bodily injuries effected during the term of this insurance, through external, violent and acccidental means which shall, independently of all causes, result in death within ninety days from the happening thereof. * * * In case of death under the provisions of this policy, the company will pay the principal sum to Josephine Whitlatch, his wife, if surviving * * * except that in case of death resulting from injuries wantonly inflicted by the insured or inflicted or caused by him while insane, the measure of this company's liability shall be the sum of one hundred dollars, the same being agreed upon as in full liquidation of all claims under this policy. It is hereby understood and agreed that this contract is subject to the conditions named on back hereof." Among these conditions was the following:

" 4. This insurance does not cover * . * * accident, nor death or injury resulting wholly or partly, directly or indirectly, from any of the following causes or while so engaged or affected : Intoxication or narcotics * * * voluntary exposure to unnecessary danger, * * * injuries intentionally inflicted by the insured."

*Thomas Darlington* and *John L. Hill,* for the appellant.

*Chas. C. Nadal* and *Thomas S. Moore,* for the respondent.

PRATT, J.:

The appeal brings up the question whether the verdict is so against the weight of evidence that it should be set aside, and also whether there were errors committed in the charge to the jury requiring a reversal.

The deceased was found dead with a discharged pistol by his side, and the defense may fairly claim it to be established that death was caused by the ball discharged from that pistol.

But we do not succeed in finding proof that deceased voluntarily discharged the pistol, much less that he did so with intent to take his life. While the position of the wound does not preclude the possibility of the weapon having been held in the hand of deceased, it at least renders it improbable. And the letters written that even-

ing do not disclose any expectation of death, but the contrary. Mr. Whitlatch is shown to have been singularly free from the weaknesses that lead to suicide.

But we do not need to decide the question whether the verdict should be set aside as contrary to the weight of evidence, for the reason that errors were committed in the charge that require a new trial.

The court properly refused a nonsuit, thereby ruling that plaintiff had made a *prima facie* case.

The only affirmative defense open to defendant under the pleadings is found in the averment that deceased intentionally inflicted the injuries. Being an affirmative defense, unless proved, plaintiff was entitled to recover.

The burden of proof to establish intentional injury rested upon the defendant. If the proof failed to show whether or not the injuries were intentional, the defense was not made out.

Plaintiff was not required to prove a negative. (*Travellers' Ins. Co.* v. *McConkey*, 127 U. S. 661.)

The cases of negligence referred to are not in point, for in this State it is held that freedom of plaintiff from negligence is the foundation of his case and must be affirmatively proved.

Were it the law that plaintiff must allege and prove that death did not result from suicide, a demurrer might have been successfully interposed, as no such allegation is found in the complaint.

The court declined to charge in accordance with these views, and the exception thereto must be sustained.

The court also charged that if the injury resulting in death was caused by intoxication the plaintiff could not recover. No such defense was pleaded nor was any proof interposed which warranted the charge.

For these errors a new trial should be had, with costs to plaintiff to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.