JOSEPHINE WHITLACH, Respondent, v. THE FIDELITY AND CASUALTY
COMPANY of New York, Appellant.

*Suicide — proof necessary to establish it.*

No jury is justified in finding as a matter of fact that a person has committed
suicide, unless there be a preponderance of proof in support of such finding.

APPEAL by the defendant, The Fidelity and Casualty Company
of New York, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
Kings on the 23d day of November, 1893, upon the verdict of a
jury rendered after a trial at the Kings County Circuit, and also
from an order entered in said clerk's office on the 23d day of
November, 1893, denying the defendant's motion for a new trial
made upon the minutes.

This action was brought on a policy of life insurance which pro-
vided that, in case of the death of the assured, the insurer would
pay the principal sum thereof to the beneficiary therein named,
"except that in case of death resulting from injuries wantonly
inflicted by the insured or inflicted or caused by him while insane,
the measure of this company's liability shall be the sum of one
hundred dollars."

The defendant's answer alleged as a separate defense that the
assured came to his death through and by reason of injuries wan-
tonly or intentionally inflicted upon himself.

*Charles C. Nadal* and *Thomas S. Moore*, for the appellant.

*Thomas Darlington* and *John L. Hill*, for the respondent.

PRATT, J. :

The cause has been twice tried and is reported in 71 Hun, 146.
The rule was then laid down that upon the pleadings the burden of
proving death by suicide rested upon the defendants.

Upon the trial now under consideration the Circuit judge applied
the rule as given him by the General Term, and the result was in
favor of the plaintiff.

Upon the facts there was but one question for the jury; that was
whether the death of Whitlach was the result of accident or suicide.

No one was present when the pistol was discharged. Each party tried to produce evidence that would shed light upon the condition of Whitlach's mind before his death. Neither party claimed him to have been insane. We think it can be safely said that nothing was shown that would justify a jury in finding a verdict that the deceased intended to commit suicide.

The court charged that to find a verdict for defendant the jury must be satisfied by a preponderance of proof that Whitlach intentionally took his own life. We think that was a correct statement of the law. The common experience of mankind teaches that suicide is not an ordinary mode of death. The natural instinct of self-preservation is opposed to it. It is also a breach of the criminal law. No jury should be allowed to find one guilty of such a violation of law, of such a perversion of the ordinary rules of human action, except upon a preponderance of proof.

We think the Circuit judge correctly stated the rules of law, and that the requests to charge proposed by defendant, if granted, would have been more liable to mislead the jury than to guide them aright, and were properly refused.

The judgment and order should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not voting.

Judgment and order affirmed, with costs.