## SUPERIOR COURT OF BALTIMORE CITY.

Filed February 17, 1897.

ANNIE O. CROZIER
VS.
THE HOME LIFE INSURANCE CO.

*George R. Willis, Joseph W. Hazell* and *John B. Keplinger* for plaintiffs.

*Frank Gosnell* and *James W. McElroy* for defendants.

RITCHIE, J.—

There is but one question for the jury to pass upon, and I think the case can be submitted in a much simpler manner than it is proposed to do by the counsel on either side. So far as the right to recover on this policy is concerned, I will, therefore, reject all the prayers on both sides, and will give the jury one brief instruction, which, I think, states the law to which each side is entitled.

As I have said, there is but one question in the case. There is no controversy over any fact material to the right of the plaintiff to recover, except as to how Wm. W. Crozier, the insured, shot himself. Did he do it accidentally, or did he do it intentionally? If he did it accidentally, then the plaintiff is entitled to recover; if he did it intentionally, then the plantiff is not entitled to recover. There is no evidence of insanity in the case, and the only question for the jury is, did Crozier shoot himself intentionally, or not?

The defendant, however, contends that the proofs of death contain an admission by the plaintiff that the shooting was intentional, and that, therefore, the Court should instruct the jury to find a verdict in its favor.

The policy sued on was issued on the condition, among others, "that for two years after the date of issue of the policy * * * self-destruction, while sane or insane * * * will render the policy void."

The plaintiff proved by uncontradicted testimony the issue of the policy, payment of premium, death of the insured during the life of the policy, and the due delivery of proper proofs of death. Proof of these facts, uncoupled with anything that qualified their force, would make out a prima facie case in favor of the plaintiff. The proofs of death, however, contain the statement that the insured "shot himself with a pistol," and at the close of the plaintiff's case (death having occurred within the two years), the defendant asked for a verdict in its favor on the ground that this statement was an admission that the insured had committed suicide.

While the proofs of death, as *against the company*, are evidence only of the fact of a compliance with the condition of the policy, any statements therein, as *against the assured*, are evidence of admissions or declarations—46 Md. 313 · 22 Wall. 32; 142 U. S. 691; 2 Biddle, Sec. 1013; Bliss, Sec. 265; 15 So. R. 388.

The defendant therefore had a right to avail itself of the admission that the insured had "shot himself," and, there

being at that stage of the case no evidence of the circumstances under which his death occurred, nor any evidence to qualify or counteract this admission, the defendant would have been entitled to a verdict, if "shot himself" necessarily meant suicide. But, standing alone, such is not its meaning. This admission might mean "shot himself" accidentally, just as well as "shot himself" intentionally, and its support must therefore be determined by the presumption, which applies to such a case.

Where is appears that death was the result of accident or suicide, and there is no evidence to show which was the cause, or where from all the evidence the cause of death may be equally referred either to accident or design, the presumption of law is that death was accidental. Bliss, Sec. 367; Lawson Presumptive Ev. 192, 47 N. Y. 52; 57 Ill. App. 315; 15 So. R. 388; 28 S. W. R. 837; 19 Ency. 45.

The presumption therefore from the mere admission that the insured "shot himself," is that the self destruction was accidental, and, if accidental, the plaintiff is entitled to recover. Authorities supra and 42 Md. 417; 93 U. S. 287; 2 Biddle, Sec. 831. A prima facie case was therefore made out by the plaintiff. The twenty-first answer of Dr. Slater, as to the manner of the shooting, taken in connection with his previous answers, amounts to nothing more than the statement just considered, and it is also manifest that he had no personal knowledge on the subject.

The plaintiff having thus made out a prima facie case, the onus of proving the defence of suicide, or intentional self-destruction, was on the company. Bliss, Sec. 367; 142 U. S. 691; 71 Hun. 146; 28 S. W. R. 837; 15 So. R. 388.

The only thing, therefore, for the consideration of the jury, (the plaintiff having offered no evidence in rebuttal as to the circumstances under which the insured shot himself) is the sufficiency of the evidence offered by defendant to prove suicide, and the onus of proving suicide being, as stated, on the defendant, the plaintiff is entitled to recover unless the jury believe that he shot himself intentionally; if the jury believe he shot himself intentionally, then the plaintiff is not entitled to recover, and I will give an instruction to this effect.