(67 App. Div. 139.)

. HARMS v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   December 23, 1901.)

1. LIFE INSURANCE—ACTION—DEATH BY SUICIDE—EVIDENCE—SUFFICIENCY—
QUESTION FOR JURY.
   In an action on a life insurance policy providing that if the insured should commit suicide the company should not be liable for a greater sum than the premium, it appeared that insured was found dead in bed at a hotel where he was a guest, with the door of his room locked.   A box of powder was found on the bureau, and a glass containing a sediment.   A doctor who had tasted the powder and the contents of the glass thought the substance was corrosive sublimate, but he had made no test sufficient to enable him to express an opinion about it.   The deceased was lying in a composed attitude, with his limbs straightened, while one dying from corrosive sublimate dies in excruciating agony, and usually with his limbs all drawn up and distorted.   *Held*, that the evidence raised a fair question of fact for the jury whether the insured died by his voluntary act by the use of corrosive sublimate or otherwise.

2. SAME—BURDEN OF PROOF—PRESUMPTION.
   The burden of proving death by suicide was on the company, the presumption being against such death.

Appeal from trial term, Kings county.

Action by Johanna Harms against the Metropolitan Life Insurance Company.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

C. N. Bovee, Jr., for appellant.
Henry A. Powell, for respondent.

GOODRICH, P. J.   The action is brought upon a policy of insurance upon the life of the plaintiff's husband.   The policy contained a clause, "If the insured * * * die by his own hand or act, whether sane or insane, the company shall not be liable for a greater sum than the premiums."   The question litigated was whether the insured had committed suicide.   The jury found a verdict for the plaintiff, and the defendant appeals.

The insured died at a hotel on Coney Island, where he had registered as a guest at about 8 p. m.   He drank at the bar, and then went to his room, and ordered a glass of beer.   He was found dead in his room on the following morning, the door being locked on the inside.   Three letters written by him were found in his room,—one directed to his wife, one to the chief of police, and one to the superintendent of the Nassau Railroad Company, in whose employ he was.   The contents of these letters do not appear.   A box of white powder was found upon the bureau, and a glass containing a sediment.   Dr. Pierce testified that he had tasted the powder and the contents of the glass, and thought the substance was bichloride of mercury, commonly known as "corrosive sublimate," but he had made no test sufficient to enable him to express an opinion about it.   The deceased was found lying on the bed, in a composed and natural attitude, limbs straightened, and there is evidence that if a person dies from the use of corrosive sublimate he

73 N.Y.S.—33

dies in excruciating agony, and usually in a state of convulsion, with his limbs all drawn up and distorted. The evidence was such as to raise a fair question of fact whether Harms came to his death by his voluntary act, either by the use of corrosive sublimate (and no other poison is suggested) or otherwise. A curiously similar case is that of Goldschmidt v. Insurance Co., 35 N. Y. St. Rep. 121, 12 N. Y. Supp. 866, in which the general term of the First department, Mr. Justice Willard Bartlett writing, on evidence substantially similar to that in the present action, held that it was proper to submit to the jury the question of suicide. The court said (page 125, 35 N. Y. St. Rep., and page 868, 12 N. Y. Supp.): "While the defendant's view of this man's death may be the true one, it does not seem to me to be supported by such a preponderance of evidence as to warrant the withdrawal of the question from the consideration of a jury." So we cannot say that at the trial of the action at bar there was any such preponderance of evidence as to require a reversal of the judgment. The burden of proving death by suicide was upon the defendant, the natural presumption bein' against death by suicide. Whitlach v. Casualty Co., 78 Hun, 262, 28 N. Y. Supp. 951; Mallory v. Insurance Co., 47 N. Y. 52, 7 Am. Rep. 410. A person reading the evidence might well have a doubt whether Harms "intentionally took his life," or whether he came to his death by the use of corrosive sublimate, and, if he did, whether he intended to use it for the purpose of suicide. No other suggestion of the agency of death is made by the defendant, and the composed attitude of his body was not consistent with the use of corrosive sublimate. The question was pre-eminently one to be decided by a jury, and with their finding we do not feel called to interfere. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.