# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE NORTH CHICAGO STREET RAILWAY COMPANY

*v.*

ANNA LOUIS.

*Filed at Ottawa May 13, 1891.*

1. NEGLIGENCE—*ordinary care by plaintiff—burden of proof—degree of proof.* In an action to recover for a personal injury resulting from alleged negligence of the defendant, the burden of proof is upon the plaintiff to show that he was exercising ordinary care and diligence at the time of the accident, and he is required to prove that fact by a preponderance of the evidence. In civil cases the plaintiff must prove his case by a preponderance of the evidence.

2. In such an action it is error for the court to refuse an instruction asked by the defendant declaring that the burden is on the plaintiff to prove his case as alleged in the declaration, and that plaintiff must make and establish his case by a preponderance of the evidence, when the same principle or rule is not stated in other instructions given.

3. SAME—*instruction as to ordinary care.* An instruction, in such case, that if the jury believe, from the evidence, that at the time of the accident the plaintiff was exercising ordinary care for his safety, and that the defendant was guilty of negligence as charged, and that this caused the accident, then they will find the defendant guilty, is not, in substance, equivalent to an instruction that the burden of proof was upon the plaintiff to prove he was in the exercise of ordinary care.

4. EVIDENCE—*preponderance—defined.* The word "preponderance," etc., as used in instructions relating to the *quantum* of evidence, means "to outweigh." There may be evidence, standing alone, sufficient to establish a fact, but it must outweigh all counter-evidence before it can be said to prove a fact by a preponderance of the evidence.

5. PRACTICE—*court refusing all instructions asked, for his own, must cover all legal questions.* Where the trial court declines to give any of the instructions asked by one or both of the parties, and prepares written instructions of its own, the latter must fairly instruct the jury on all the legal questions involved in the case, and it must appear that no injury has been done to the defeated party by the refusal of the instructions asked by him.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. W. B. KEEP, Mr. EDWARD FURTHMAN, and Mr. EGBERT JAMIESON, for the appellant:

The rule of law is well settled that the plaintiff must prove his case as alleged in the declaration, and can only show such negligence as is set out in the declaration and alleged to be the cause of the injury. *Railway Co.* v. *Jones,* 76 Ill. 313; *Railway Co.* v. *Foss,* 88 id. 552; *Railroad Co.* v. *McKee,* 43 id. 120; *Railroad Co.* v. *Godfrey,* 71 id. 500.

The instruction as to the burden of proof should have been given. *Railroad Co.* v. *Hazzard,* 26 Ill. 376; *Railroad Co.* v. *Grimes,* 13 id. 585; *Dyer* v. *Talcott,* 16 id. 300; *Chicago* v. *Major,* 18 id. 349; *Kepperly* v. *Ramsden,* 83 id. 354; *Railroad Co.* v. *Damerell,* 81 id. 450; *Tedens* v. *Schumers,* 112 id. 263.

Messrs. KRAUS, MAYER & STEIN, for the appellee:

We have attempted to show in our Appellate Court brief that the jury were told, and could not help but understand, that the burden was upon appellee to prove that she was in the exercise of ordinary care.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action brought by the appellee against the appellant company in the Superior Court of Cook County to recover damages for a personal injury. The trial resulted in a judgment in favor of the plaintiff, which has been affirmed by the Appellate Court. The court below refused to give any of the instructions asked by either party, and, in lieu thereof, gave one of its own motion. In two of the instructions asked by the defendant, it was stated to be the law, that the burden of proof was upon the plaintiff to prove her case as alleged in the declaration, and that she must prove by a preponderance of all the evidence that she was, at the time of the accident complained of, exercising ordinary care and prudence for her own safety. Each count of the declaration averred, that she was "exercising all due care and diligence on her part."

The propositions of law embodied in the instructions as above set forth were correct. In such actions as this, the burden of proof is always held to be on the plaintiff to show that he was himself exercising ordinary care and diligence at the time the accident happened.

It is also a requirement of the law, that, in civil cases, the plaintiff must prove his case by a preponderance of the evidence. (*Aurora B. R. R. Co.* v. *Grimes,* 13 Ill. 585; *Dyer* v. *Talcott,* 16 id. 300; *C. B. & Q. R. R. Co.* v. *Hazzard,* 26 id. 373; *Kepperly* v. *Ramsden,* 83 id. 354; *Tedens* v. *Schumers,* 112 id. 263.)

In *Dyer* v. *Talcott, supra,* and *Kepperly* v. *Ramsden, supra,* we held it to be error to refuse to give an instruction asked by the defendant, which declared the burden of proof to be on the plaintiff to show, that he or she was in the observance of due care at the time of the happening of the accident. In *Tedens* v. *Schumers, supra,* it was held to be error to refuse to give an instruction asked by the defendant, which declared it to be a requirement of the law, that the plaintiff should make and establish his or her case by a preponderance of the evidence.

Where the trial court throws aside all the instructions asked by one or both of the parties, and prepares written instructions of its own, the latter must fairly instruct the jury on all the legal questions involved in the case, and it must appear that no injury has been done to the defeated party by the refusal of the instructions asked by him. (*Wacaser* v. *People*, 134 Ill. 438; *Hill* v. *Parsons*, 110 id. 107.) In the case at bar, there was no language in the instruction given by the court of its own motion, which expressed the propositions of law contained in the refused instructions of the defendant as above set forth.

It is true, that the first paragraph of the court's instruction contained these words: "If you believe from the evidence, that, at the time of the accident, the plaintiff was exercising ordinary care for her safety, and that the defendant was guilty of negligence as charged, and that this caused the accident, then you will find the defendant guilty," etc. But this paragraph merely stated the proposition, that the plaintiff was bound to exercise ordinary care for her safety; it did not state, that the burden of proving, that she was in the exercise of ordinary care, was upon her. In *Kepperly* v. *Ramsden, supra,* we said: "Before any recovery can be had, it is incumbent on plaintiff to show she had herself been in the observance of due care for her personal safety. That being the law, the court ought to have given the third instruction asked by defendant, which declares the burden of proving that fact was upon her. Other instructions given state the proposition, she was bound to observe due or ordinary care, but none of them declare, as the law is, the burden of proving that fact is on the plaintiff."

It is also true, that, in another paragraph, the court used this language: "In this case the plaintiff must prove that she exercised ordinary care," etc. It would be a very liberal construction of the expression, "the plaintiff must prove," to say that it has the same meaning as the expression, "the burden of proof is upon the plaintiff." But even if the words thus used can be regarded as conveying to the minds of the jury

the idea, that the burden of proof was upon the plaintiff to show the exercise of due care on her part, still these words did not announce the proposition, that the plaintiff was bound to prove the exercise of due care by a preponderance of the evidence. To "preponderate" is to "outweigh." There may be evidence which, standing by itself, establishes a certain state of facts, but the evidence does not preponderate in favor of any given state of facts unless it is sufficient to outweigh all the testimony introduced in opposition thereto.

Here, the evidence was close and conflicting both in regard to the exercise of due care by the plaintiff, and in regard to the question whether the defendant was guilty of negligence or not. It was, therefore, important that the jury should be accurately instructed. The defendant was entitled to have these propositions of law submitted to the jury, and we cannot say that the defendant was not injured by the refusal of the court to submit them.

The judgments of the Appellate and Superior Courts are reversed, and the cause is remanded to the Superior Court.

*Judgment reversed.*