THE FIDELITY AND CASUALTY COMPANY OF NEW YORK

*v.*

MINNIE E. WEISE.

*Opinion filed October 13, 1899—Rehearing denied December 13, 1899.*

1. APPEALS AND ERRORS—*when giving of instruction as to burden of proof is reversible error.* In an action upon an accident policy, where the defense is that the insured committed suicide, an instruction that the burden of proof is upon the defendant is reversible error, where it is indispensable to the right of recovery to show, by pre-ponderance of evidence, that the assured came to his death through accidental means, as alleged.

2. EVIDENCE—*burden in suit on accident policy is on plaintiff.* The burden resting upon the plaintiff in an action upon an accident policy to establish, by a preponderance of the whole evidence, that the assured met accidental death, is not shifted to the defendant company by pleas raising the defense of a stipulation in the policy that if the deceased committed suicide while insane only premiums paid should be recovered, so as to require the defense to be proved by a preponderance of the evidence.

*Fidelity and Casualty Co. v. Weise,* 80 Ill. App. 499, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

JOHN A. POST, and O. W. DYNES, for appellant.

HARBERT, CURRAN & HARBERT, and DAVID J. WILE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Cook county awarded appellee judgment against the appellant company as beneficiary under an accident policy insuring her husband, Simon Weise, against injury or death by accidental means. This is an appeal from the judgment of the Appellate Court affirming that of the circuit court.

The policy insured said Simon Weise, husband of the appellee, for her benefit in case of his death, "against

bodily injuries sustained through external, violent and accidental means," and contained also the following condition: "In case of injuries, fatal or otherwise, wantonly inflicted upon himself by the assured, or inflicted upon himself or received by him while insane, the measure of this company's liability shall be a sum equal to the premium paid, ($37.50,) the same being agreed upon as in full liquidation of all claims under this policy." The declaration as amended in terms alleged the said Simon Weise "suffered bodily injuries sustained through external, violent and accidental means, from which his death resulted." The general issue and several special pleas were filed to the original declaration. The substance of one of the special pleas was that the deceased wantonly took his own life, and of another that he committed suicide while insane, and both invoked the stipulation of the policy that only premiums paid should be recovered.

It appeared said Simon Weise resided in Chicago, near the shore of Lake Michigan; that he left his home before breakfast on the morning of the fifth day of July, 1893; that his dead body was found about ten or eleven o'clock in the forenoon of the same day, face downward, in the waters of the lake, which stood to the depth of about four feet between the breakwater and the shore line, near the foot of Fortieth street, in Chicago; that a bullet wound was found in the forehead, the ball having pierced the skull and penetrated the brain; that there was neither mark of burning of the skin nor stain of powder-mark on his person, and no weapon was found near the water or on the shore; that his coat and hat had been removed and were found on the stones of which the breakwater was in part composed, the coat having been laid down on the stones and the hat placed on the coat; that there were no marks of violence on the body other than the bullet wound, and no indications a struggle had taken place; that the place where the body and the coat and hat were found was remote from any regular thor-

oughfare; that the deceased had failed in business, and his affairs were placed in the hands of an assignee less than two months before his death. There was evidence tending to show he was despondent, had acted "queerly," and was impressed with the delusion he was being perse-cuted by his assignee. He was under medical treatment, and had the night before his death taken a nerve sedative to give him rest, he being unable to go to sleep naturally; that the verdict of the coroner's jury was that he committed suicide while temporarily insane.

The court instructed the jury that the claim the assured committed suicide was an affirmative defense; that the law cast upon the appellant company the burden of proving it, and that it "must prove" it by "evidence, facts and circumstances" outweighing the evidence of plaintiff (appellee) upon the point. In this we think the court erred. It was essential to the right of appellee to recover it should appear, by the preponderance of the evidence, the assured came to his death through external, violent and accidental means. Self-destruction is not classed as an accident except it appears the suicide was unconscious of the act or of the physical effect thereof, or was driven to the commission of the deed by an insane impulse which he had not the power to resist. (*Grand Lodge I. O. M. A.* v. *Wieting,* 168 Ill. 408; *Accident Ins. Co.* v. *Crandall,* U. S. Sup. Ct. 1887.) The position of appellee during the trial was, the assured was not insane and did not commit suicide, and she produced testimony in support of that position, and such is the attitude of her counsel in this court. If he committed suicide while sane his death could not be deemed accidental. It was not enough to justify a judgment to show the assured was dead, but it was essential to the appellee's right to recover the amount of the indemnity provided by the policy, as she sought to do by her declaration, it should be proven his death was brought about by accidental means. The presumption of the law is that all men are sane and possessed of the love

of life; are animated by the instincts of self-preservation and the natural desire to avoid personal injuries and death. This presumption, in the absence of countervailing proof, may be sufficient, within itself, to establish *prima facie* that death occurred otherwise than by self-destruction, and to cast upon the defendant company the burden of producing evidence on the point; but the existence of the presumption had no efficacy to change the rule that the obligation of proving any fact lies upon the party who asserts the affirmative of the issue. In *North Chicago Street Railway Co.* v. *Lewis*, 138 Ill. 9, we said: "There may be evidence which, standing by itself, establishes a certain state of facts; but the evidence does not preponderate in favor of any given state of facts unless it is sufficient to outweigh all testimony introduced in opposition thereto."

If it be conceded the presumption in the case at bar was sufficient to establish, *prima facie*, that the deceased came to his death by accident, still it was competent for the appellant company, under its plea of the general issue, to combat this point and introduce any testimony which tended to show the death of the assured was not the result of accidental causes, and it was entitled to the benefit of any and all testimony produced on behalf of the plaintiff which had the like tendency. There was testimony having weight in favor of and against the position of the plaintiff (appellee) that death occurred by accident. The plaintiff was entitled to the benefit of the presumption the assured did not take his own life. The presumption was not conclusive, but rebuttable. The question to be determined by the jury, from the consideration of all the evidence, (the plaintiff being given the benefit of the presumption referred to,) was, at the close of the testimony as it was at the beginning, did the assured come to his death through accidental means. The appellee asserted the affirmative of this proposition, and it was indispensable to her right to recover under her

declaration her position should be supported by a preponderance of the evidence. (1 Greenleaf on Evidence,— 15th ed.—sec. 74, note "a.") The instruction incorrectly cast the *onus probandi* upon the appellant. The case, upon the facts, demanded the jury should have been accurately advised as to the *quantum* of evidence required to be produced by the plaintiff. The error is, therefore, reversible in character.

It is contended by appellant the order of the court permitting the declaration to be amended, wherein the state of the pleading to the amended declaration is recited, left the general issue the only plea in the cause. The determination of this question has no material bearing upon the question upon whom rested the burden of proof upon the issue referred to in the instructions. The purpose of these special pleas was to enforce the stipulation that if the death of an assured should be occasioned by his own wanton act while insane, only premiums paid should be recovered. The plaintiff in her declaration sought to recover the indemnity named in the policy— not the return of the premiums. The issue raised by her declaration, and the plea of general issue filed thereto, was as to the right of the plaintiff to recover the indemnity of the policy. In order she might prevail on that issue it was necessary it should appear, from a preponderance of the evidence, the assured came to his death through accidental means. The stipulations in the policy that she should be entitled to the sum paid for premiums in the event the assured should come to his death by other than accidental means had no effect to relieve the plaintiff of the burden of establishing her right to recover the indemnity provided by the policy by a preponderance of the evidence.

The judgment of the Appellate Court and that of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.          *Reversed and remanded.*