### City of Chicago v. Henry Walter, by His Next Friend.

1.  INSTRUCTIONS—*Ordinary Care—Preponderance of the Evidence.*— It is reversible error to refuse an instruction to the effect that ordinary care must be shown by a preponderance of the evidence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed February 14, 1901.

ANDREW J. RYAN and MATTHEW P. BRADY, attorneys for appellant.

ROBERT M. MITCHELL, attorney for appellee; QUIN O'BRIEN, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, a bright, healthy and intelligent boy aged about eight and one-half years, on January 4, 1898, was so seriously injured by falling through an opening in the Thirty-fifth street viaduct between Stewart avenue and Wallace street, in the city of Chicago, that he was thereby rendered an almost complete physical wreck. He brought suit against the city of Chicago, a trial of which before the court and a

jury resulted in a verdict and judgment thereon in his favor, from which this appeal is prosecuted.

The viaduct in question runs east and west, has two footways on each side and two drive-ways in the center, the latter being separated by a division space about four feet in width extending along the middle of the structure, through which the trusses or middle supports of the viaduct rise, about ten feet apart.  The driveways had been paved by blocks laid upon planks and the division space covered by planks when the viaduct was in ordinary daily use.  A few days before the accident, repairs of the driveways were begun by certain railway company employes, with the permission of the city, and on January 4, 1898, the paving blocks and planking on the north driveway had been in part taken up, though passable for pedestrians, and the blocks piled up on the north footway, and sand, gravel, stones and planks were piled up on the approach to the west end of the north foot and driveways, so as to obstruct them somewhat.  The south drive and footways were open to travel and not obstructed, except that the south footway was somewhat obstructed by new paving blocks piled on it.

Appellee was sent on an errand by his Sunday school teacher, which made it necessary for the boy to cross the viaduct in the condition above described.

There is a sharp conflict in the evidence as to whether there was any barrier of any kind at the west approach to the viaduct across the north foot and driveways.  It is not claimed there was any other warning of danger than this barrier (if there was one), danger flags of the street car company, and the apparent condition of the drive and footways, as above described.  A hole about four feet square in the division space between the driveways and some fifteen feet east of the west end of the viaduct, was made about two days before the accident, and seems to have been necessary in order to make the repairs which were in progress.

Appellee and another boy younger than himself came, some of the witnesses say walking and others say running,

from the west, crossed the north driveway in a southeasterly direction, and appellee fell through the hole, which there is evidence tending to show was obscured from sight by the smoke of a passing locomotive underneath the viaduct, and was injured.

On the evidence, the right of recovery is close, both on the questions of care of the plaintiff, and the negligence of the defendant. No good purpose could be served by referring to it in detail; suffice it to say the case, on both these questions, presents facts peculiarly for the consideration of a jury. No instructions were asked for the plaintiff, but the court refused to instruct the jury as to the preponderance of the evidence on the question of plaintiff's care, by declining to give, at the request of the defendant, the following instruction, to wit:

" D. The jury are further instructed that the burden is on the plaintiff to prove by a preponderance of the evidence that he was exercising such care and caution for his safety in going onto the north part of this viaduct while it was being repaired, in view of the condition existing at that place at the time in question, as could be reasonably expected from a boy of his age and intelligence."

According to a notation of the trial judge, this instruction seems to have been refused because it is " substantially embodied in an instruction given," but this is clearly a misapprehension, as no instruction in the record covers the point of preponderance of the evidence.

Appellee's counsel claim that it is covered by instructions 2, 3, 6, 9 and 10, given for defendant, but an examination of these instructions shows that they are only to the effect that the plaintiff must show he was in the exercise of ordinary care before he could recover.

The refusal of instruction " D," which, in our opinion, is the law under the facts of this case, is clearly error. Kepperly v. Ramsden, 83 Ill. 354; Ry. Co. v. Louis, 138 Ill. 9, and cases cited; R. R. Co. v. Levy, 160 Ill. 385-8.

These cases are all directly in point, and in substance hold that, in cases such as the one at bar, although the jury are told by other instructions that it is necessary to a

recovery that the plaintiff show ordinary care to avoid injury, still it is reversible error to refuse an instruction to the effect that such care should be shown by the preponderance of the evidence.

The claim of appellee that no other verdict would probably have been returned, even if correct as matter of fact, can not prevent a reversal in face of manifest error. The cases cited do not support the claim, but in R. R. Co. v. Kneirim, 152 Ill. 458, the court holds that error is not cause for reversal where the evidence shows " that no other verdict than, that rendered could have been *properly* returned under instructions entirely correct "—a very different matter from *probably* returned.

Other instructions refused by the court, of which complaint is made, are, in our opinion, subject to criticism, and are substantially covered by instructions given. The claims made by appellant that there was a material variance and that the verdict is contrary to. the third instruction, are not, in our opinion, tenable. It is unnecessary to consider the alleged excessiveness of the damages.

The judgment is reversed and the cause remanded.