Associate Justice HAWKINS will later file a statement of his views.

TRAVELERS' INS. CO. v. HARRIS.
(No. 85–2886.)

(Commission of Appeals of Texas, Section B.
June 11, 1919.)

INSURANCE ⟨key⟩646(6) — ACCIDENT POLICY — EXCEPTIONS—BURDEN OF PROOF.

In suit on accident policy containing exception clauses, such as a clause providing that the policy shall not cover accidents resulting from trying to enter a moving conveyance using steam as motive power, plaintiff has the burden of establishing that the accident on which suit is based does not fall within the exceptions; the exception clauses being construed as taking something out of the general portion of the contract so that the promise is to perform only what remains after the part excepted is taken away.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Sallie Lou Harris against the Travelers' Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (178 S. W. 816) and defendant brings error. Judgment of the Court of Civil Appeals and of the trial court reversed and cause remanded.

Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for plaintiff in error.

Lacy & Bramlette and Young & Stinchcomb, all of Longview, for defendant in error.

SADLER, J. The Travelers' Insurance Company issued an accident policy to George V. Harris on March 31, 1908, in which it insured him against bodily injuries effected directly and independently of all other causes through external, violent, and accidental means, wherein it promised in event of death to pay to his wife, Sallie Lou Harris, the sum of $5,000, with certain accumulations. Within the policy there were certain exception clauses, the ninth of which is:

"This insurance shall not cover * * * injuries * * * from voluntary overexertion, from voluntary exposure to unnecessary danger. * * * Nor shall this insurance cover accidents, injuries, death, * * * resulting directly or indirectly from entering or trying to enter or leave a moving conveyance using steam as a motive power, * * * or happening while being in any part thereof not provided for occupation by passengers, or while being on a railway bridge or roadbed."

The assured was injured at Longview, Tex., on July 9, 1912, and died therefrom a few days later. The policy was in full

force at the time of the injury. From a judgment favorable to the beneficiary, writ of error was brought to the Court of Civil Appeals, and the judgment affirmed. 178 S. W. 816.

In the trial court the plaintiff pleaded that the accident came within the terms of the policy and was covered thereby, although not setting up the exception clauses specifically. The defendant pleaded these clauses, and on the trial the plaintiff introduced the contract in evidence.

The proof showed that the insured was injured at Longview, under such circumstances as tended to raise the issues of (a) whether the assured was endeavoring at the time of the injury to enter a moving passenger train using steam as a motive power, and (b) whether it occurred while assured was on a railway roadbed.

The defendant sought to have the trial court peremptorily charge in its favor, on the ground that the burden was on the plaintiff to plead and prove that the injury to the insured did not fall within the terms of the exceptions set forth in clause 9 of the policy, and on the ground that the evidence failed to show an accident coming within the terms of the policy. It also asked a charge placing the burden on the plaintiff to establish that the accident did not fall within the exception.

The trial court and the Court of Civil Appeals held against the contentions of the insurance company on both propositions, and writ of error was granted by the Supreme Court in the view that the rule announced in Insurance Co. v. Co-operative Association, 77 Tex. 225, 13 S. W. 980, should be applied in the instant case.

The consideration of these questions has necessitated a very comprehensive search of the authorities, in an effort to ascertain the rule which on principle should be applied. The courts of the country are not a unit on the application of the rule governing in such cases.

The contra holdings of the court can, however, be accounted for on the difference in the construction of the contracts by the courts. Those courts which treat the contracts as being general, and the clauses declaring what they shall not cover as "stipulations added to the principal contract to avoid the promise of the insurer by way of defeasance or excuse," hold that these clauses are defensive, and must be pleaded and sustained by the insurer; while the courts which construe the exception clauses as "taking something out of the general portion of the contract, so that the promise is to perform only what remains after the part excepted is taken away," place the burden of pleading and proof upon the assured to negative them by showing that his cause of action does not come within the exception.

The latter construction of the contract and rule on the burden of pleading and proof is supported in the following cases: Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252; Insurance Co. v. Co-operative Association, 77 Tex. 225, 13 S. W. 980; Insurance Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Maryland Casualty Co. v. Glass, 29 Tex. Civ. App. 159, 67 S. W. 1062; Fidelity & Casualty Co. v. Weise, 182 Ill. 496, 55 N. E. 540; American Accident Co. v. Carson, 99 Ky. 441, 36 S. W. 169, 34 L. R. A. 301, 59 Am. St. Rep. 473; Tolmie v. Fidelity & Casualty Co., 95 App. Div. 352, 88 N. Y. Supp. 717, affirmed 183 N. Y. 581, 76 N. E. 1110; Travelers' Insurance Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308; Markland v. Clover Leaf Casualty Co. (Mo.) 209 S. W. 602.

Cases which have been decided in other jurisdictions, announcing a different rule, will be found in notes under Starr v. Ætna Life Ins. Co., 41 Wash. 199, 83 Pac. 113, 4 L. R. A. (N. S.) 636. Our Courts of Civil Appeals have held contra to the rule announced in Co-operative Association, supra, in the following cases: Burlington Ins. Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453; General Accident Ins. Co. v. Hayes, 52 Tex. Civ. App. 272, 113 S. W. 990; Employers' Liability Assurance Corp. v. Rochelle, 35 S. W. 896; Hartford Fire Ins. Co. v. Watt, 39 S. W. 200. These cases are in conflict with decisions of our Supreme Court, by which we are bound.

In view of the decisions by our Supreme Court, and the indication made in granting the writ in this case, we are of the opinion that the burden rests upon the plaintiff to show that her cause of action does not fall within the excepting clause.

We think the court erred in refusing to give a proper charge on the burden of proof. The plaintiff in error also insists that under the evidence judgment should be rendered for it. We do not think so. The evidence taken as a whole raises the issues, and the jury should determine them under appropriate instructions.

In our opinion, the Court of Civil Appeals correctly disposed of the other assignments.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.