(132 So. 728)

PROTECTIVE LIFE INS. CO. v. SWINK.

2 Div. 957.

Supreme Court of Alabama.

Jan. 15, 1931.

Rehearing Denied March 19, 1931.

E. O. McCord & Son, of Gadsden, for appellant.

E. G. Pilcher, of Gadsden, for appellee.

S. F. Hobbs, of Selma, for appellant.

Reese & Reese, of Selma, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

**BROWN, J.**

It seems to be well settled that where the plaintiff in stating his cause of action must affirm a negative, he has the burden of proving the negative averment unless the facts are peculiarly within the knowledge of the defendant. Rogers v. Brooks, 105 Ala. 549, 17 So. 97; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33.

This rule applies alike to pleading statutes or contracts, where the plaintiff relies on a general clause embodying an exception. Lunt v. Ætna Life Ins. Co. of Hartford, 253 Mass. 610, 149 N. E. 660; 1 Chitty on Pl. 206; 1 Greenl. on Ev. 78; 22 C. J. 70, § 15.

The rule of pleading is stated as follows in Commonwealth v. Hart, 11 Cush. (Mass.) 130, 134:

" 'If there be an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause or subsequent statute, that is matter

of defense, and is to be shown by the other party.' The same rule is applied in pleading a private instrument of contract. If such instrument contain in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party, relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it together with the exception."

This rule was applied to a policy of insurance in Lunt v. Ætna Life Ins. Co., supra.

██ The rule as to the burden of proof is stated in Givens et al. v. Tidmore, 8 Ala. 745, 750, 751: "It is a general rule, that the party holding the affirmative of the issue, must sustain it by proof, but there are some exceptions in which the proposition, though negative in its terms, must be proved by the party who states it. One class of these exceptions, it is said, includes those cases in which the plaintiff *grounds his right of action upon a negative allegation,* and where, of course, the establishment of this negative is an essential element in his case. But where the subject matter of the negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party." Freeman v. Blount et al., 172 Ala. 655, 55 So. 293; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429.

This action is on the double indemnity clause of a policy of life insurance, and by the policy contract as pleaded, the defendant engaged to pay the plaintiff, as the beneficiary therein named, "the sum of ten thousand dollars in the event (the death of the insured) resulted from bodily injury within ninety days after such injury, *directly and independently of all other causes, affected solely through external, violent and accidental means";* and the complaint avers "that while said policy was in full force and effect, and before the said (insured) attained the age of sixty years, on to-wit, the 17th day of April, 1928, the said (insured) died,' and that his death resulted from bodily injury *directly and independently of all other causes* \* \* \* *solely through external, violent and accidental means."* (Italics supplied.)

██ The provision of the policy and the cause of death as pleaded bring the case within the principles above stated, and though the plaintiff upon offering evidence tending to show violent, accidental death, is aided by the presumptions against self-destruction, making the case one for the jury, nevertheless, the subject-matter of the negative averments not being peculiarly within the knowledge of the defendant, she has the burden of reasonably satisfying the jury that the insured's death resulted directly from external, violent, and accidental means, exclusive of all other causes, including suicide. 1 Greenl. on Ev. 78; Preferred Accident Ins. Co. v. Fielding, Adm'r, etc., 35 Colo. 19, 83 P. 1013, 9 Ann. Cas. 916; Carnes v. Iowa State Traveling Men's Ass'n, 106 Iowa, 281, 76 N. W. 683, 68 Am. St. Rep. 306; Grosvenor v. Fidelity & Casualty Co. of New York, 102 Neb. 629, 168 N. W. 596; Hodgson v. Preferred Acc. Ins. Co. of N. Y., 182 App. Div. 381, 169 N. Y. S. 28; Whitlatch v. Fidelity & Casualty Co. of N. Y., 149 N. Y. 45, 43 N. E. 405; Fidelity & Casualty Co. of N. Y. v. Weise, 182 Ill. 496, 55 N. E. 540; Globe Indemnity Co. of N. Y. v. Reinhart, 152 Md. 439, 137 A. 43; Weil v. Globe Indemnity Co., 179 App. Div. 166, 166 N. Y. S. 225; Laessig v. Travelers' Protective Ass'n of America, 169 Mo. 272, 69 S. W. 469.

██ The rule of our cases is that the presumption of innocence is a matter of evidence for the consideration of the jury, and where the evidence is in conflict on the question at issue, the determination of the issue is for the jury, not for the court. Mutual Life Ins. Co. of N. Y. v. Maddox, 221 Ala. 292, 128 So. 383.

That the insured voluntarily committed suicide was not made an issue by the pleadings. Evidence tending to show suicide was merely countervailing evidence offered in rebuttal of evidence of the plaintiff going to show that the death resulted from external, violent, and accidental means.

██ The judgment here is that the learned trial court fell into error in charging the jury that the burden of proof was on the defendant to reasonably satisfy the jury that the insured committed suicide, and if the evidence was in equilibrium, the plaintiff should recover. Whitlatch v. Fidelity & Casualty Co. of N. Y., supra.

For this error the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.