## METROPOLITAN LIFE INS. CO. v. HOGAN.

### No. 4860.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1933.

Rudolph J. Kramer, Bruce A. Campbell, R. Emmett Costello, and Roland H. Wiechert, all of East St. Louis, Ill., for appellant.

C. W. Terry, Charles E. Gueltig, and M. D. Powell, all of Edwardsville, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

It is first contended by appellant that there is no substantial evidence in the record which discloses that insured came to his death by accidental means. The burden of proving that fact was upon appellee. Burkett v. New York Life Insurance Co. (C. C. A.) 56 F.(2d) 105; Fidelity & Casualty Company of New York v. Weise, 182 Ill. 496, 55 N. E. 540. The presumption is that the death was not self-inflicted. Connecticut Mutual Life Insurance Co. v. Akens, 150 U. S. 468, 14 S. Ct. 155, 37 L. Ed. 1148. That presumption together with the pertinent circumstances surrounding the death presented a question of fact which was properly submitted to the jury, and its finding in that respect, which was adverse to appellant's contention, must stand. Metropolitan Life Insurance Co. v. Hogan, supra.

It is next contended that the trial court erred in admitting certain evidence, the purpose of which was to establish the facts, as required by the policy, that written notice of insured's death and proofs of loss were furnished to appellant.

The only evidence in the record which relates to such notice and proofs of loss appears in the oral testimony of appellee, and the basis of appellant's contention in this respect is that appellee was permitted to testify as to the contents of a written document which she claims was the notice of death and proof of loss, and she was further permitted to state a conversation had by her with one William Boerckel relative to the content of that document. That the one instrument may serve both as a notice and proof of death cannot be doubted, and there is no question raised in that respect. Da Rin v. Casualty Company of America, 41 Mont. 175, 108 P. 649, 27 L. R. A. (N. S.) 1164, 137 Am. St. Rep. 709; Hurt v. Employers' Liability Assurance Corp. (C. C.) 122 F. 828.

Appellee testified that she knew William Boerckel and that he was in the insurance business for appellant; that he wrote the

policy now in controversy and delivered it to her, and at the same time insured wrote a check for the premium which he delivered to Boerckel; that Boerckel also delivered to insured the policy which constituted the basis of the former action between the parties and to which reference has been hereinbefore made. She also stated that after insured's death she saw Boerckel two or three times before he took the policy now in suit, and that later, within ten days or two weeks after insured's death, Boerckel brought to her a paper and requested her to sign it and stated to her that it was a death claim. She thereupon signed the paper and delivered it to him and he took it away with him, and she never saw it again. The witness was not permitted to state the contents of the paper which she signed, but over appellant's objection she was permitted to relate Boerckel's characterization of it as above stated.

Paragraphs 5 and 6 of the standard provisions of the policy provide that notice of injury given by or in behalf of the insured or beneficiary, as the case may be, to the Company at New York, or to any authorized agent of the Company, with particulars sufficient to identify insured, shall be deemed to be notice to the Company. The Company upon receipt of such notice will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If not furnished within fifteen days after the receipt of notice, claimant shall be deemed to have complied with the requirements of the policy as to proof of loss upon submitting within the time fixed in the policy as to proof covering the occurrence, character and extent of the loss.

The policy also contains the following clause: "In the Event of Accident to the Insured the claimant should promptly notify the District Office through which premium payments have been made, or the Home Office in New York. Pay nothing to any representative of the Company for preparation of claim papers. The Company is glad to pay and there is no necessity for help or alleged influence in collecting. It is not necessary to employ an attorney or any other person to collect indemnities properly payable under this policy."

Chapter 73, § 235, Smith-Hurd Rev. St. Ill. 1931, chapter 73, par. 346, Cahill's Illinois Revised Statutes (1931) provides that "Whoever solicits insurance on behalf of any life company not chartered by and not established within this State, or transmits, for any person other than himself, an application for life insurance, or policy of life insurance, to or from such company * * * shall be held to be an agent of such company to all intents and purposes. * * * *"

It is quite obvious from the facts stated that Boerckel in his dealings with assured and with appellee was acting as an agent of appellant. Citizens' Insurance Co. v. Stoddard, 197 Ill. 330, 64 N. E. 355; Pacific Mutual Life Insurance Co. v. Barton (C. C. A.) 50 F.(2d) 362; Travelers' Insurance Co. v. Edwards, 122 U. S. 457, 7 S. Ct. 1249, 30 L. Ed. 1178.

It is insisted by appellant, however, that a written instrument is the best evidence of its contents, and that the court erred in permitting proof of Boerckel's oral statement that the instrument signed by appellee and delivered to him was a death claim. This position is not tenable. The rule invoked does not apply to admissions of parties, and they will not be heard to say that their statements are less worthy of credit than the instrument itself. The rule generally adopted is that oral admissions as to the contents of a written instrument are competent evidence of its contents. Gay v. Lloyd, 1 Greene (Iowa) 78, 46 Am. Dec. 499; Purinton v. Purinton, 101 Me. 250, 63 A. 925, 115 Am. St. Rep. 309, 8 Ann. Cas. 205, note; Edgar v. Richardson, 33 Ohio St. 581, 31 Am. Rep. 571.

Of course, admissions are no more competent than other evidence when offered for the purpose of contradicting written instruments. Haven v. Brown, 7 Me. (7 Greenl.) 421, 22 Am. Dec. 208; Bivens v. McElroy, 11 Ark. 23, 52 Am. Dec. 258; Rankin v. Simpson, 19 Pa. 471, 57 Am. Dec. 668. But that question is not presented here. Appellant does not deny the truth of Boerckel's statement, and its objection goes only to its admissibility on the ground that it is not the best evidence. There is no merit in the contention. Hartford Fire Insurance Co. v. Walsh, 54 Ill. 164, 5 Am. Rep. 115; James v. National Life & Accident Insurance Co., 265 Ill. App. 436.

In Manhattan Life Insurance Co. v. Francisco, 84 U. S. (17 Wall.) 672, 678, 21 L. Ed. 698, the facts in many respects were similar to those of the instant case. At trial appellee offered evidence to prove that the company had furnished her blank forms of the kind which were always used in making proof of death; that she filled in the blanks in the presence of the agent of the company and handed the forms thus executed to him,

and she offered no evidence as to the contents of those papers. The court said: "The evidence that preliminary proof of the death of Francisco and of the justice of the claim of the assured were given to the defendants ninety days before the suit was brought was quite sufficient to go to the jury. The proofs were in forms, blanks for which had been furnished by the insurers, and the forms were filled up in the presence of their agent. He received them without objection, and it does not appear that at any time before the trial of the case it was ever suggested to the assured that the proofs were insufficient, either in form or in substance. Clearly, therefore, it was not for the court to instruct the jury that the plaintiff was not entitled to a verdict."

There was no error in the court's rulings on the admissibility of the evidence and the cause was properly submitted to the jury. There is substantial evidence in the record to support the verdict.

Judgment affirmed.