## WASHINGTON NAT. INS. CO. v. CHAVEZ.

### No. 3530.

Court of Civil Appeals of Texas. El Paso. May 13, 1937.

Rehearing Denied June 3, 1937.

Kemp, Nagle & Smith and Wyndham K. White, all of El Paso, for appellant.

Wilchar & Wilchar, of El Paso, for appellee.

NEALON, Chief Justice.

Appellee, Paulina Chavez, sued appellant for $1,000 the amount of the indemnity provided in a policy of insurance issued by appellant upon the life of appellee's husband, Ben Chavez. The policy provided for liability only in the event that the insured came to his death solely through external, violent, and accidental means, directly and independent of all other causes. It was issued "subject to all the conditions and limitations hereinafter contained." Expressly excluded from its coverage was "suicide, sane or insane," and among the miscellaneous provisions it was provided that the policy should not cover any "injury resulting from the intentional act of the insured or any other person, excepting, however, assaults committed upon the insured for the sole purpose of robbery, and also excepting assault incurred by the insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby."

The insured was found dead in the section house of the T. & N. O. railroad at Polvo, Tex., on December 15, 1935. He was a section foreman and slept in the section house, frequently visiting his family at El Paso. Decedent's body when found was in the bed at the section house. He was wearing a khaki shirt and riding pants. There was a bullet hole over his left nipple. The bullet had gone through his body and into the bed; the bullet did not go through the bedclothes that covered decedent; there were powder burns on his clothing and on his body; a pistol containing one empty shell was lying near his right hip.

In response to special interrogatories, the jury, among other findings, found the following as facts: That insured did not commit suicide; that his death was not caused by his own intentional act; that he did not come to his death by the intentional act of another person; that his death was caused solely by external, violent, and accidental means; that a reasonable attorney's fee was $250.

Thereupon the court rendered judgment against appellant for $1,000, with interest at the rate of 6 per cent. per annum from January 6, 1935; $120 penalty.; and $250 attorney's fees.

From this judgment appellant appeals.

### Opinion.

■■ By various assignments of error appellant challenges the trial court's method of submitting questions 1 and 2. As submitted, said questions read:

"Question No. 1: Do you find from a preponderance of the evidence that the deceased, Ben Chavez committed suicide?

"Question No. 2: Do you find from a preponderance of the evidence that Ben Chavez's death was caused by his own intentional act?"

Appellant, as defendant, in due time objected to each of said questions because the first placed the burden upon the defendant to prove by a preponderance of the evidence that decedent committed suicide, and the second placed upon it the burden of proving by a preponderance of the evidence that insured came to his death by his own intentional act. The objections were valid, and the assignments must be sustained. A plaintiff suing on an accident insurance policy has the burden of pleading and proving that insured's death was accidental and not within exceptions. International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W. (2d) 1040; Travelers' Insurance Co. v. Harris (Tex.Com.App.) 212 S.W. 933; Pelican Ins. Co. v. Troy Co-Operative Ass'n, 77 Tex. 225, 13 S.W. 980; Washington Fidelity Nat. Ins. Co. v. Williams (Tex.Com.App.) 49 S. W.(2d) 1093.

■ The court correctly excluded the death certificate signed by the coroner containing the finding that the decedent came to his death by suicide. Boehme v. Sovereign Camp W. O. W., 98 Tex. 376, 84 S. W. 422, 4 Ann.Cas. 1019. R.C.S. art, 4477, rule 55 (now covered by rule 54a, art. 4477, Vernon's Ann.Civ.St.) applies only to copies of the record certified by the state registrar of vital statistics.

Assignments are directed to certain arguments of counsel as being improper and so prejudicial as to constitute reversible error. While the attitude of counsel indicates that it is unlikely that the same questions will arise upon another trial, it might be well to call attention to certain of the arguments and the decisions of Texas appellate courts when similar questions have been raised. Speaking generally, the complaints related to informing the jury of the effect of its answer to a certain special issue, erroneous statements of the law as it is related to this cause, and reference to the wealth of the insurance company.

■ Citation of authorities is no longer needed as to the proposition that reversible error is present when counsel informs the jury of the effect of its answers to special issues.

■■ It has been held also that erroneous statements of the law constitute reversible error. City of Dallas v. Firestone Tire & Rubber Co. (Tex.Civ.App.) 66 S.W.(2d) 729; Hudson Ins. Co. v. McKnight (Tex.Civ.App.) 58 S.W.(2d) 1088. We make this comment in view of the fact that counsel for appellee evidently held erroneous views as to which litigant should bear the burden of proof and as to the measure of proof necessary upon the issue of suicide, and these views were reflected in his argument. Fidelity & Casualty Co. of New York v. Weise, 182 Ill. 496, 55 N.E. 540; Thompson v. Business Men's Accident Ass'n (Mo.App.) 231 S.W. 1049. To recover plaintiff must prove an accidental death, and self-inflicted death is not acci-

dental, nor in the contemplation of the policy is death inflicted by another, save in the excepted cases.

Likewise, it has been held improper for counsel for plaintiff to contrast his client's proverty with the more fortunate circumstances of the defendant.

Humphreys v. Roberson, 125 Tex. 558, 83 S.W.(2d) 311; Woodard v. Texas & Pacific Ry. Co., 126 Tex. 30, 86 S.W.(2d) 38, 39.

Judgment is reversed and the cause remanded.