WOODALL, Justice.
Blanche Taylor Morgan and her two adult children, Kenneth Morgan and Ellen Morgan Caudle (hereinafter referred to collectively as “the Morgans”), appeal from summary judgments in favor of Exxon Corporation (“Exxon”), Mobil Oil Corporation (“Mobil”), and Marshall Oglesby (Exxon, Mobil, and Marshall Oglesby are hereinafter referred to collectively as “the Companies”) in the Morgans’ action against the Companies for damages allegedly resulting from the operation of oil wells on the Morgans’ property. We affirm.
This action began on July 19,1996, when the Morgans filed an eight-count complaint against the Companies and other defendants not involved in this appeal; the Companies and the other defendants at one time operated six oil wells on the Morgans’ property. The complaint alleged that “at all times material and pertinent” the Companies “owned and/or were engaged in the business of operating certain oil, gas and/or saltwater disposal wells, production equipment, disposal pits, and other facilities” on the Morgans’ property. In the process of those operations, the complaint alleged, the Companies “willfully, wantonly, recklessly and negligently caused the [Morgans’] real and personal property to become contaminated with radioactive scales, residues, precipitates and other harmful and hazardous materials.” Elsewhere, the complaint alleged that the contamination consisted of “salt water, oil and grease, heavy metals and other harmful and hazardous substances.” The Morgans sought relief on theories of (1) negligence, (2) nuisance, (3) trespass to land, (4) breach of contract, (5) waste, (6) strict liability, (7) the tort of outrage, and (8) conspiracy. They sought recovery of the “costs' of site investigation, monitoring, cleanup and/or remediation, [and] loss of *448 property values.” They also sought damages for emotional distress and punitive damages. Moreover, the complaint contained the following clause:

“Disclaimer of Federal Claims

“42. Plaintiffs hereby assert that they are making no claim in this action under any federal law or statute.”
The Companies asserted the rule of repose as an affirmative defense. In a joint summary-judgment motion, Mobil and Marshall Oglesby asserted that Mobil has not “operated any well at issue in this lawsuit since the 1960’s,” and that Marshall Oglesby has not operated any such well “since the early 1970’s.” In its summary-judgment motion, Exxon asserted that neither it, nor any predecessor in interest, has owned or operated any relevant well since October 1, 1969. Thus, the Companies argued, the claims against them are barred by the rule of repose. In response to these arguments, the Morgans asserted that the application of the rule of repose to their claims is preempted by the Comprehensive Environmental Response, Compensation, and Liability Act, codified as amended by the Superfund Amendments and Reauthorization Act of 1986, at 42 U.S.C. § 9601 et seq. (“CERCLA”).
In three separate orders, dated August 7, 2002, the trial court granted the Companies’ summary-judgment motions, solely on the rule-of-repose ground. In each order, the trial court stated: “The court has not considered the other grounds raised by [the Companies] as to [the Morgans’] claims, and expressly reserves judgment with respect thereto.” The trial court certified the orders as final judgments, pursuant to Ala. R. Civ. P. 54(b), and the Morgans appealed.
On appeal, the Morgans contend that the trial court erred in holding that their claims were barred by the rule of repose. This is so, because, they insist, Alabama’s rule of repose is preempted by 42 U.S.C. § 9658(a)(1), which provides:
“In the case of any action brought under State law for [1] personal injury, or property damages, which are caused or contributed to by exposure to any [2] hazardous substance, or pollutant or contaminant, [3] released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.”
(Emphasis added.)
The Companies, on the other hand, contend that the Morgans have failed to demonstrate that § 9658 applies to this action. They base this contention on two grounds, namely, (1) that the Morgans have failed to carry their burden of proving the elements of § 9658, and (2) that § 9658 does not apply to state-law claims in the absence of an asserted CERCLA claim. In order to address the contentions of the parties, we must first discuss the relationship between the rule of repose and § 9658.

I. The Rule of Repose and § 9658 Preemption

“Application of [Alabama’s] rule of repose has only one element — the passage of twenty years time from the moment that the actions giving rise to the claim occurred — and, if that time has elapsed, no claim can be pursued.” Moore v. Liberty Nat’l Ins. Co., 108 F.Supp.2d 1266, 1275 (N.D.Ala.2000) (applying Alabama law) (emphasis added), aff'd, 267 F.3d 1209 (11th Cir.2001). See also Tierce v. Ellis, 624 So.2d 553, 554 (Ala.1993). “In some instances, this point in time may be *449 the same as the date of the ‘accrual’ of a claim. However, ... repose does not depend on ‘accrual,’ because the concept of accrual sometimes incorporates other factors, such as notice, knowledge, or discovery.” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 764 n. 2 (Ala.2002). See also Merrill v. Merrill, 260 Ala. 408, 411, 71 So.2d 44, 45-46 (1954). It is undisputed that the Companies’ activities at the well sites had ceased by the early 1970s, that is, more than 20 years before the commencement of this action. Thus, the Morgans’ claims against the Companies are barred by the rule of repose, unless § 9658 provides relief from the operation of the rule.
Section 9658 “purports to preempt the accrual date of any state limitations period which provides for a commencement date earlier than the federally required commencement date.” Van Delhotal, Reexamining CERCLA Section [9658]: Federal Preemption of State Limitations Periods, 34 Washburn L.J. 415, 416 (1995)(footnote omitted). The “federally required commencement date” (the “FRCD”) is defined as “the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) of this section were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.” CERCLA, 42 U.S.C. § 9658(b)(4)(A). Thus, contrary to Alabama’s rule of repose, which is triggered merely by the alleged wrongful conduct of the defendant, the FRCD turns on the accrual of a claim, which is defined in terms of discovery.
“Under CERCLA,” the Morgans contend, their “claims are not time barred because Kenneth Morgan first discovered the contamination on the Morgan property in 1994, first had his property tested for hazardous substances in 1995, and filed this lawsuit on July 19, 1996.” Morgans’ brief, at 18-19. More specifically, Kenneth Morgan testified by affidavit that it was “[i]n or around November 1994, [when he] discovered that [the] property was possibly contaminated with oil field waste.” The trial court implicitly held that § 9658 did not apply to the Morgans’ claims.

II. Applicability of § 9658 and the FRCD

All parties rely on Becton v. Rhone-Poulenc, Inc., 706 So.2d 1134 (Ala. 1997). The Companies’ position — for which they cite Becton — is that a plaintiff must, in order to invoke the FRCD to preserve its state-law claims, have asserted a valid CERCLA claim against the defendant. Taking the opposite position, the Morgans state: “The Becton court conclude[d] only that a claim must relate to the remedies CERCLA provides and/or must be ‘within the purview of CERC-LA.’ ” Morgans’ brief, at 9 (quoting Becton, 706 So.2d at 1140) (emphasis added).
In Becton, West Berry Becton sued various employees of Courtaulds Fibers, Inc., and others for personal injuries allegedly sustained in connection with his employment, through “his continuous exposure to carbon disulfide (‘CS2’),” 706 So.2d at 1135, primarily in “the interior of the building where he was working.” Id. at 1141. The complaint was filed “almost 9 years” after Becton’s last exposure to CS2. Id. at 1135.
The defendants moved for summary judgments, on the ground that Becton’s claims were barred by the applicable statute of limitations. The trial court entered summary judgments in favor of some of the defendants, and Becton appealed, contending, as do the Morgans here, that § 9658 preempted the state statute of limitations. This Court rejected Becton’s contentions and affirmed the summary judgments.
*450 The issue on which the Court focused was whether Becton’s workplace exposure to CS2 constituted a “release into the environment,” as that term is used in § 9658. The Court discussed cases involving analogous claims, acknowledging that the jurisdictions had not applied § 9658 consistently. It followed a line of cases that have “rejected the application of [§ 9658] to situations where exposure to a hazardous substance occurs within the confines of the workplace [on the ground that] a release in the workplace is not a release into the environment, as contemplated by § 9658.” 706 So.2d at 1141 (emphasis added).
Ultimately, Becton was decided on the ground that there had been no “release into the environment.” 706 So.2d at 1141. Thus, the Court’s implicit holding was simply that a necessary element of § 9658 had not been proven. Indeed, relying on Bec-ton, the Morgans concede that they are required to “present substantial evidence on three critical factors: 1) that [then-damages] were caused by exposure to a 2) hazardous substance 3) released into the environment.” Morgans’ brief, at 26. “These factors,” the Morgans admit, “must be present to invoke the [FRCD].” Id. (emphasis added). We need not decide whether the Morgans must actually assert a CERCLA claim, as the Companies contend, because, like the plaintiff in Becton, the Morgans have failed to present substantial evidence of a necessary element of § 9658.
The Morgans presented the report of W. Clay Kimbrell, of Rapiere Resources Company, which identified at the relevant sites the presence of petroleum hydrocarbons, chlorides, crude oil, lead, “saltwater erosion” arsenic, benzene, toluene, xylene, zinc, and “normally occurring radioactive material” (“NORM”). However, the record contains no evidence of the source of any of those materials. For the following reasons, such evidence is essential to satisfy the second element of § 9658.
As the Morgans concede, § 9658 applies to their claims only if they offer substantial evidence that the damage to their property was caused by the “release of a hazardous substance.” CERCLA defines a “hazardous substance” in 42 U.S.C. § 9601(14). That section provides:
“(14) The term ‘hazardous substance’ means (A) any substance designated pursuant to section 1321(b)(2)(A) of Title 33, (B) any element, compound, mixture, solution, or substance designated pursuant to section 9602 of this title, (C) any hazardous waste having the characteristics identified under or listed pursuant to section 3001 of the Solid Waste Disposal Act [42 U.S.C.A. § 6921] (but not including any waste the regulation of which under the Solid Waste Disposal Act [42 U.S.C.A. § 6901 et seq.] has been suspended by Act of Congress), (D) any toxic pollutant listed under section 1317(a) of Title 33, (E) any hazardous air pollutant listed under section 112 of the Clean Air Act [42 U.S.C.A. § 7412], and (F) any imminently hazardous chemical substance or mixture with respect to which the Administrator has taken action pursuant to section 2606 of Title 15. The term does not include petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of this paragraph, and the term does not include natural gas, natural gas liquids, liquefied natural gas, or synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas).”
(Emphasis added.) Similarly, § 9601(33) excludes from the definition of “pollutant or contaminant” “petroleum, including crude oil or any fraction thereof which is *451 not otherwise specifically listed or designated as a hazardous substance under sub-paragraphs (A) through (F) of paragraph (14).” Thus, subsections (14) and (33) of § 9601 expressly exclude from CERCLA coverage petroleum, crude oil, and every “fraction thereof’ (“the petroleum exclusion”).
The Morgans assert that some of the materials of which they complain, namely, NORM, arsenic, lead, and zinc, “are specifically listed, under CERCLA, as hazardous substances.” Morgans’ brief, at 20. It is well settled, however, that “[t]he petroleum exclusion includes fuel oil and leaded gasoline ..., and any indigenous components in refined or unrefined gasoline or any such components added in the refining process even if the components would by themselves be considered hazardous substances.” Two Rivers Terminal, L.P. v. Chevron USA, Inc., 96 F.Supp.2d 432, 443 (M.D.Pa.2000) (emphasis added). The exclusion may be avoided upon proof that “the contaminants appear at the Site ‘in excess of the amounts that would have occurred in petroleum during the oil refining process.’ ” Portsmouth Redev. & Hous. Auth. v. BMI Apartments Assoc., 827 F.Supp. 354, 356 (E.D.Va.1993) (emphasis added) (quoting Washington v. Time Oil Co., 687 F.Supp. 529, 532 (W.D.Wash.1988)).
The Morgans cite to nothing in the record demonstrating that the materials of which they complain are not indigenous to petroleum. This is particularly significant in view of the fact that at least one court has judicially noticed that several of the materials, namely, “benzene, toluene, xylene, ethylbenzene and lead,” are indigenous to petroleum. Wilshire Westwood Assocs. v. Atlantic Richfield Corp., 881 F.2d 801, 803 (9th Cir.1989); see also Ekotek Site PRP Committee v. Self, 932 F.Supp. 1319, 1326-27 (D.Utah 1996) (“ ‘[The indigenous] constituents of petroleum may typically include metals (including arsenic, barium, cadmium, chronium, lead and zinc), benzene, toluene,- ethylben-zenes, xylenes, naphthalene and poly nuclear aromatic compounds.... ’ ”). Similarly, they cite no evidence that any of the materials exist at the sites in levels that “exceed those normally found in [petroleum] fractions.” Portsmouth Redev. & Hous. Auth., 827 F.Supp. at 356-57. The complaint alleges only that the Companies “owned and/or were engaged in the business of operating certain oil, gas and/or saltwater disposal wells, production equipment, disposal pits, and other facilities.” In short, the Morgans have failed to produce substantial evidence tending to show which, if any, of the offending materials are “hazardous substances,” in the context of oil production.
Curiously, having conceded that they must “present substantial evidence” on the “critical” hazardous-substance element of § 9658, Morgans’ brief, at 26, the Morgans ultimately contend that the- Companies bear the burden of demonstrating the applicability of the petroleum exclusion. Id. at 21-22. We disagree with this contention.
It is “well settled that where the plaintiff in stating his cause of action must affirm a negative, he has the burden of proving the negative averment unless the facts are peculiarly within the knowledge of the defendant.” Protective Life Ins. Co. v. Swink, 222 Ala. 496, 497, 132 So. 728, 728 (1931) (the plaintiff beneficiary of a life-insurance policy providing double indemnity “in the event (the death of the insured) resulted from bodily injury .... directly and independently of all other causes, affected solely through external, violent and accidental means,” 222 Ala. at 498, 132 So. at 729, had the burden to prove that the insured’s death was not a *452 suicide). “This rule applies alike to pleading statutes or contracts, where the plaintiff relies on a general clause embodying an exception.” 222 Ala. at 497,-132 So. at 728. Otherwise stated, “one who relies on an exception to a general rule or statute has the burden of proving that the case falls within the exception, unless the nonexistence of the exception is made a condition of the application of the rule.” 31A C.J.S. Evidence § 121, at 256 (1996) (emphasis added) (footnotes omitted).
Section 9658 provides the quintessential example of the emphasized portion of the general rule stated above. Under § 9658, the plaintiffs access to the FRCD turns on proof that the alleged injury was caused by “exposure to any hazardous substance, or pollutant or contaminant.” As to those elements, the plaintiff bears the burden of persuasion. Thus, in order to carry its burden, the plaintiff must prove a negative, that is, it must prove that the materials of which it complains are not within the petroleum exclusion. In other words, the plaintiff must prove that the allegedly toxic materials fall within CERCLA’s definition of actionable, substances, and, ipso facto, outside of the petroleum exclusion. Cf. United States v. Poly-Carb, Inc., 951 F.Supp. 1518, 1526 n. 6 (D.Nev.1996) (the CERCLA plaintiff bears the burden of persuasion that the petroleum exclusion does not apply); Dana Corp. v. American Standard, Inc., 866 F.Supp. 1481, 1508 (N.D.Ind.1994); Carol Barry, CERCLA’s Petroleum Exclusion: Whose Burden Is it Anyway?, 26 Envtl. L. Rep. 10,479 (September 1996).
Moreover, 42 U.S.C. § 9607, which sets forth the general bases of CERCLA liability, specifically lists affirmative defenses. See § 9607(b). The petroleum exclusion is not among those defenses. See also Poly-Carb, 951 F.Supp. at 1526 n. 6. For these reasons, we disagree with those cases that have required the defendant to prove the applicability of the petroleum exclusion. See, e.g., Johnson v. James Langley Operating Co., 226 F.3d 957, 963 n. 4 (8th Cir.2000); Tosco Corp. v. Koch Indus., Inc., 216 F.3d 886, 894 n. 5 (10th Cir.2000).

III. Summary

Because the Morgans failed to present substantial evidence of an element of § 9658, the FRCD does not apply to their claims. Therefore, their claims against the Companies are barred by the rule of repose. Because the trial court did not err in entering summary judgments for the Companies based on the rule of repose, those judgments are affirmed.[1]
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, and STUART, 33., concur.
JOHNSTONE, J., dissents.

. We have considered the Morgans' other arguments, and we conclude that they are without merit.