Josephine Whitlatch, Respondent, v. The Fidelity and Casualty Company of New York, Appellant.

Accident Insurance — Death from Self-Injury — Pleading — Burden of Proof. When, in an action upon a policy of insurance "against death resulting from bodily injuries through external, violent and accidental means," and containing an exception limiting the insurer's liability "in case of death resulting from injuries wantonly inflicted by the insured," the complaint alleges that the insured died from external, violent and accidental means, and that the injuries were not wantonly inflicted by himself, and the answer, after admitting the making of the policy, sets up a general denial; and then alleges as a separate defense that the insured died from injuries wantonly inflicted by himself, the plaintiff is not relieved from the burden of making out in the first instance

a *prima facie* case by a preponderance of evidence that the insured died from external, violent and accidental means; and when the evidence shows that the injury was self-inflicted, and the only question for the jury is whether death resulted from accident or suicide, a charge is erroneous which permits the jury to infer that the defendant rested under the burden of proof from the opening of the trial, and which refuses to instruct the jury that if, upon the whole case, they find the evidence to be evenly balanced upcn the question as to whether the insured intended to kill himself, they must find for the defendant.

*Whitlatch* v. *F. & C. Co.*, 78 Hun, 262, reversed.

(Argued March 10, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas S. Moore* for appellant. The plaintiff had the affirmative of the issues raised by the pleadings, and the burden of proof upon the whole case rested on her and not on the defendant. That the plaintiff's burden may be assisted on some branch by a presumption which the defendant must rebut does not change the rule, that the burden of proof upon the whole case rests upon the party tendering the issue, nor do the facts in this case throw the burden of proof upon the defendant. The separate or affirmative defense of the defendant was superfluous and may be entirely disregarded. (*Lamb* v. *C. & A. R. R. & T. Co.*, 46 N. Y. 279; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282, 290; *Claflin* v. *Meyer*, 75 N. Y. 260; *Marks* v. *Townsend*, 97 N. Y. 590; *Heinemann* v. *Heard*, 62 N. Y. 455; *Blunt* v. *Barrett*, 124 N. Y. 117; *Heilman* v. *Lazarus*, 90 N. Y. 672; *Tingue* v. *Vil. of Port Chester*, 101 N. Y. 299; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 359; *T. Ins. Co.* v. *McConkey*, 127 U. S. 667.) The learned justice erred in refusing to direct a verdict for the plaintiff for $100 and interest. (*Williams* v. *U. S. M. A. Assn.*, 133 N. Y. 366; *Merrett* v. *P. M. M. Acc. Assn.*, 98 Mich. 338.)

*Thomas Darlington* for respondent. The main question on this appeal, " that when, in an action upon an accident life insurance policy, the defendant, the insurance company, avers as an affirmative defense that the insured intentionally inflicted the injuries which caused his death, the burden of proof to establish intentional injury rests upon the defendants," has already been decided in this court, and is not open to question. (*Slocovich* v. *O. Mut. Ins. Co.*, 108 N. Y. 56 ; 1 Williams on Executors [6th. Am. ed.], 24 ; 1 Redfield on Wills, chap. 3, § 4 ; Schouler on Wills, §§ 147, 173 ; 1 Greenl. on Ev. § 80 ; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505 ; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 31 Hun, 100 ; 95 N. Y. 562 ; 1 Phil. on Ev. § 12 ; *Baker* v. *Batt*, 2 Moore, 317 ; *C. C. & I. Co.* v. *United States*, 123 U. S. 307 ; *M. Land Grant Case*, 121 U. S. 325 ; *United States* v. *I. S. M. Co.*, 128 U. S. 673.)

Bartlett, J. The plaintiff sued to recover upon a policy on the life of her late husband, James W. Whitlatch, issued by the defendant, the death loss being payable to her.

The material conditions of the policy are as follows, viz. :

The deceased was insured " in the sum of ten thousand dollars against death resulting from bodily injuries    *    *    * through external, violent and accidental means which shall, independently of all causes, result in death within ninety days from the happening thereof."

The exceptions limiting this liability were, " that in case of death resulting from injuries wantonly inflicted by the insured, or inflicted or caused by him while insane, the measure of this company's liability shall be the sum of one hundred dollars," etc.

The issue presented to the jury was a very narrow one. The complaint alleged that the insured died from external, violent and accidental means, and that his injuries were not wantonly inflicted by himself, nor inflicted while insane.

The answer set up a general denial, after admitting the making of the policy, and then pleaded as a separate defense

that the insured died from injuries wantonly inflicted by
himself.

The plaintiff, under the issues as framed, was called upon
to prove by a preponderance of evidence that her husband
died from external, violent and accidental means.

The fact that the defendant had alleged as a separate
defense that the injuries were wantonly inflicted by the
insured did not tend in any way to relieve the plaintiff from
the burden of proof under which she rested to make out a
*prima facie* case.

This case has been three times tried. At the first trial the
verdict was for the defendant, and the judgment entered
thereon was reversed by the General Term (71 Hun, 146).

On the second trial the jury failed to agree. The judg-
ment for plaintiff at the third trial is now under review.

The questions of law presented relate to the alleged errors
of the trial judge in charging the jury.

A brief reference to the facts of this case is necessary before
considering the legal questions.

The insured at the time of his death was in San Francisco,
but resided in the city of Brooklyn, where he had lived for
several years with his wife and children prior to his decease.
He was a speculator in mining properties and a promoter of
mines in the western states, and his business called him at
times to San Francisco for prolonged intervals.

During his last visit to San Francisco the insured stopped
for some time at a house known as the Baldwin Hotel, and
there is conflicting evidence as to whether for some weeks
prior to his death he was suffering from mental depression
due to the unsatisfactory condition of his business affairs,
aggravated by constant physical pain caused by an imperfect
recovery from a broken thigh.

The day before his death, being July 31st, 1890, he went
without his baggage to a fourth-class lodging house in San
Francisco, called the Pioneer House, and took a room. The
next morning he was found dead in his bed undressed, with a
pistol shot wound in the top of his head and a five-chambered

revolver, with one chamber discharged and the others loaded, lying at his side.

Neither the question of murder nor insanity is in the case; the pistol found in the bed was the property of the deceased, and the one question for the jury to determine was whether death resulted from accident or suicide.

In a close case like this where the evidence on both sides is largely circumstantial, it is of vital importance that the jury should be clearly instructed as to the burden of proof and the general principles of law governing their action.

In reading the charge of the learned trial judge, it will be observed that it is entirely silent as to the burden of proof resting upon the plaintiff.

The question of the burden of proof was submitted to the jury as follows: " The General Term of this department has laid down the law in this case, and in accordance therewith I will charge you that the defendant in this case, in order to defend it, is required to prove by a fair preponderance of evidence the fact that James W. Whitlatch did take his own life intentionally; in other words, that he committed deliberate suicide. I say that the defendant has the burden of proof."

The defendant excepted to this part of the charge, and requested the court to charge the following separate requests:

" The burden of proof upon the whole case rests upon the plaintiff, and she must prove by a preponderance of evidence that her intestate's death was caused by external, violent and accidental means, or she cannot recover more than one hundred dollars and interest.

" While the law does not presume from death alone that it was suicidal and evidence must be adduced to show that the deceased did take his life, still the burden of proof is upon the plaintiff to show, by a preponderance of evidence, that it was done by accident and without intention to take his life."

The trial judge refused to charge except as charged.

We are of opinion that the defendant was entitled to have

the jury charged as requested, and that the refusal of the court to do so was clearly erroneous.

The briefs of counsel contain numerous cases in which the law of the burden of proof is discussed, but in the recent case of *The Farmers' Loan and Trust Co.* v. *Siefke* (144 N. Y. 354), Chief Judge ANDREWS delivering the opinion of this court, the rule applicable to this case is stated with great clearness, as follows :

" There is confusion sometimes in treating of the burden of proof, arising out of unexact definitions. The burden is upon a plaintiff to establish his cause of action when it is in proper form denied by the other party. * * * It is very common to say in such cases that the burden is upon the defendant to establish the fact relied upon. All that this can properly mean is that when the plaintiff has established a *prima facie* case the defendant is bound to controvert it by evidence, otherwise he will be cast in judgment. When such evidence is given and the case upon the whole evidence, that for and that against the fact asserted by the plaintiff, is submitted to court or jury, then the question of the burden of proof as to any fact, in its proper sense, arises and rests upon the party upon whom it was at the outset, and is not shifted by the course of the trial, and the jury may be properly instructed that all material issues tendered by the plaintiff must be established by him by a preponderance of evidence. (See *Davis* v. *Jenney*, 1 Met. 221; *Simpson* v. *Davis*, 119 Mass. 269; *Perley* v. *Perley*, 144 id. 104.) The general rule of pleading, which also accords with reason, is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded and proved by the defendant; and on the other hand the cause of action alleged by the plaintiff, and all its material incidents, must be asserted and proved by him, and in both cases the final event must be supported by a preponderance of evidence in favor of the party tendering the issue."

In the case at bar the jury were not instructed that the

plaintiff was bound to make out in the first instance a *prima facie* case, and finally establish upon all the proofs the issues tendered by her, under the pleadings, by a preponderance of evidence, but they could well infer from the judge's charge that the defendant rested under the burden of proof from the opening of the trial.

The court also charged the jury as follows : " Even if the evidence is of even balance in your minds as to whether he intended to kill himself, or whether it was done without his intention of killing himself, then your verdict must be for the plaintiff."

The defendant excepted to this part of the charge and asked the court to instruct the jury that " if upon the whole case the jury find the question evenly balanced, they must find for the defendant."

The court refused the request except as charged.

This refusal was obvious error and calculated to still further mislead the jury as to the burden of proof.

It is most unfortunate that a case which has been three times tried should have to be sent back for another trial, and in what has been said we have not intended to express any opinion as to the merits, this being a case peculiarly within the province of a jury to decide, properly instructed as to the law.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.