(21 Misc. Rep. 532.)

CONSUMERS' BREWING CO. OF NEW YORK v. LIPOT.

(City Court of New York, General Term.   October 26, 1897.)

1. SALES—ACTION FOR PRICE—BURDEN OF PROOF.
    Where, in an action for goods sold and delivered, the defendant admits
    the sale, but denies the value and that he agreed to pay the price as alleged,
    and alleges, as a separate defense, a different contract, involving an unexpired
    credit, the burden is still upon the plaintiff to establish his cause of action by
    a preponderance of evidence.

2. APPEAL—ESTOPPEL TO ALLEGE ERROR.
    Upon the question whether an action to recover for goods sold was com-
    menced before defendant's term of credit had expired, the plaintiff cannot
    insist on appeal that there was no proof as to when it was commenced, if he
    stated the date to the jury, and submitted the cause on that theory.

Appeal from trial term.

Action by the Consumers' Brewing Company of New York against
Robert Lipot.   From a judgment entered on a verdict in favor of de-
fendant, and from an order denying a new trial, plaintiff appeals.
Affirmed.

Argued before FITZSIMONS and SCHUCHMAN, JJ.

Charles F. Holm, for appellant.
H. Seldner, for respondent.

SCHUCHMAN, J.   Appeal from a judgment entered on a verdict rendered by a jury, and from an order denying a motion for a new trial, made on the judge's minutes.   The action is brought to recover the value of goods sold and delivered, and the answer interposed therein admits the sale of the goods, but denies the value thereof and that he agreed to pay the price therefor, as alleged in the complaint, and sets up as a separate defense that he bought the goods, which were delivered to him during the week, on a credit of one week.   The judge's charge that the burden is upon the plaintiff to establish his case (cause of action) by a preponderance of evidence was right. Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405.   The plaintiff failed to request the court to charge that, as far as the defendant's affirmative defense of unexpired credit was concerned, the burden of proof was on defendant.   The appellant's point that there is no proof as to when the action was commenced is not available, because appellant's attorney told the jury that the action was commenced on March 15, 1897, and, conceding that fact, submitted the cause for determination to the jury.   The evidence submitted by the defendant clearly shows that for one week's delivery of beer (from Thursday to Thursday) he was to have one week's credit.

The verdict is not against the weight of evidence, and the judgment and order appealed from are therefore affirmed, with costs.

FITZSIMONS, J., concurs.