(93 Misc. Rep. 522)

HERSCHKOWITZ et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.    February 23, 1916.)

1. INSURANCE ⬤═646, 668—SUICIDE—PRESUMPTION—QUESTION FOR JURY.

The law indulges in the presumption that a person will not take his own life, and where the facts are as consistent with death from negligence, accident, or homicide, as by suicide, the presumption is against suicide; and evidence that insured, whose policy excepted suicide, was found in his bedroom about 6 o'clock in the morning, either dying or actually dead, and that his death was caused by illuminating gas asphyxiation, without evidence as to how the gas escaped, or as to any circumstance tending to show any intent to commit suicide, was not sufficient to overcome the presumption and raise a question of fact for the jury, so that the trial justice was required to direct a verdict against the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1556, 1645–1668, 1732–1770; Dec. Dig. ⬤═646, 668.]

2. INSURANCE ⬤═659—ACTION ON POLICY—DEFENSE OF SUICIDE—EVIDENCE.

In an action on a life insurance policy, defended on the ground that the insured had committed suicide, where it appeared that a witness who had loaned deceased money had been to insured's apartment and had received a letter from insured, the exclusion of his testimony as to the contents of the letter, which might have shown an intent on the part of the insured to take his life, was error.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1691–1693; Dec. Dig. ⬤═659.]

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INSURANCE ⬭659—DEFENSE OF SUICIDE—EVIDENCE.
        In such action, evidence for defendant that an inspector from the
    gas company had examined the gas fixtures the same afternoon and had
    found them in good condition was admissible, over the objection that to
    lay a proper foundation defendant must prove that no one having access
    to insured's apartment that day had changed the fixtures.
        [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1691–1693;
    Dec. Dig. ⬭659.]

4. EVIDENCE ⬭67—PRESUMPTION—CONTINUANCE OF CONDITION.
        It was a fair presumption that, if gas fixtures were imperfect in the
    morning, they would remain in such condition until the gas company's in-
    spector came in the afternoon.
        [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103;
    Dec. Dig. ⬭67.]

Appeal from City Court of New York, Trial Term.

Action by Betty Herschkowitz and others, by their guardian ad
litem, Betty Herschkowitz, against the Mutual Life Insurance Com-
pany of New York. From a judgment in favor of the plaintiffs, and
against the defendant, defendant appeals. Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and
DELEHANTY, JJ.

Frederick L. Allen, of New York City (Murray Downs, of New
York City, of counsel), for appellant.

Joseph P. Segal, of New York City (I. Gainsburg, of New York City,
of counsel), for respondents.

LEHMAN, J. The plaintiffs have obtained a judgment upon a
policy insuring the life of Benjamin Herschkowitz. The defendant
set up in its answer that Herschkowitz committed suicide.

[1] The evidence in the case shows only that the deceased was
found in his bedroom about 6 o'clock in the morning, either dying or
actually dead, and that his death was caused by asphyxiation from
illuminating gas. There is no testimony as to how the illuminating
gas escaped, nor as to any other surrounding circumstances which
might tend to show any intent on the part of the deceased to take his
life. "The law indulges in the presumption that a person will not take
his own life, and where the facts and circumstances are as consistent
with death from negligence, by accident or homicide, as by suicide,
the presumption is against suicide." White v. Prudential Insurance
Company, 120 App. Div. 260, 105 N. Y. Supp. 87, and cases there
cited. It seems to me that the evidence actually admitted is totally in-
sufficient to overcome the presumption, and raised no question of
fact for the jury, and the trial justice was bound to direct a verdict.

[2] The trial justice erred, however, I think, in the exclusion of
certain evidence by which the defendant attempted to overcome the
presumption. It appears that one Matis Harris had loaned to the de-
ceased a considerable sum of money. Harris testified without objec-
tion that he went to the apartment at 9 o'clock in the morning and that
he had received from the deceased a letter. He further testified that
the widow had taken away the letter from him at the cemetery. The

witness was not permitted to give oral testimony as to the contents of this letter, apparently upon the ground that the letter was the best evidence. Obviously this objection would be of no force if the plaintiff had received notice to produce. In this case none was served, but the plaintiff's counsel at the trial stated: "Irrespective of that, if we had any such letter, we would produce it; but we have none." The defendant thereby waived this objection, and upon this appeal does not seek to sustain the ruling on this ground, but urges that there is no competent proof that the letter was sent by the deceased or in his handwriting.

Aside from the fact that no such objection was properly raised at the trial, Harris was permitted to testify that he had *received the letter from the deceased,* and another witness, who knew the deceased's handwriting, was not permitted to testify that the letter was in his handwriting. If the witness had been permitted to testify as to the contents of this letter, it might have shown an intent on the part of the writer to take his life, and thereby have raised a question of fact for the jury.

[3, 4] The defendant also attempted to prove by an inspector from the gas company that he examined the gas fixtures the same afternoon and found them in good condition. This evidence was excluded on the ground that to lay a proper foundation the defendant must prove that none of the people having access to the apartment that day had changed the condition of the fixtures. It seems to me that this ruling was too strict. It is a fair presumption that, if the fixtures were imperfect in the morning, they would remain in that condition until the inspector came there in the afternoon.

Judgment should therefore be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.