FANNIE WEIL, Respondent, *v.* GLOBE INDEMNITY COMPANY, Appellant.

First Department, July 13, 1917.

**Insurance — action on accident policy — issue as to whether insured died by accident or suicide — presumption — burden of proof — trial — erroneous charge — double indemnity — policy construed — injury " while in or on a public conveyance " — fall from subway station in front of approaching train.**

In an action on a policy of accident insurance to recover for the death of the insured who either fell or jumped from the platform of a subway in the city of New York in front of an approaching train there is a *prima facie* presumption, in the absence of evidence, that the death was accidental rather than suicidal.

Where it appears that the witnesses for the defendant insurance company who gave testimony tending to show that the decedent committed suicide were employees of the railroad company and had been examined by the counsel of the railroad before they had been turned over to the defendant, the credibility of their testimony was for the jury.

But the direct testimony of said employees of the railroad tending to show suicide cast upon the plaintiff the burden of meeting the defendant's case, for the burden of proof that the death was accidental was upon the plaintiff on the whole case.

Where in rebuttal of the defendant's testimony the plaintiff showed that the deceased was probably intoxicated at the time of his death and that he had no motive whatever to commit suicide and that there was nothing in his conduct indicating such intention, the issue as between accident and suicide was for the jury.

However, it was error for the court to charge that if the facts were equally susceptible of a construction which would show suicide on the one hand or accident upon the other, it was to be presumed that the death was the result of accident, for said charge nullified the former proper charge that the burden of proof was upon the plaintiff on the whole case.

*It seems,* that the presumption embodied in the erroneous charge only obtains where the cause of death is unexplained.

Moreover, it was error to permit the recovery of double indemnity under a policy which gave such indemnity for injuries sustained by the insured " while in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service," for the decedent, not having boarded a train at the time of the accident, was not " in or on a public conveyance " within the meaning of the policy. The subway platform on which the decedent stood prior to his death was not a public conveyance within the meaning of the policy aforesaid as it might have been had the policy covered death " while travelling by a public conveyance."

APPEAL by the defendant, Globe Indemnity Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Joseph F. Murray,* for the appellant.

*Maurice B. Blumenthal,* for the respondent.

SHEARN, J.:

In this case there was a verdict of $15,000 upon an accident insurance policy. The insured met his death by falling or jumping from the Ninety-sixth street platform of the subway to the tracks in front of an approaching train. The plaintiff's case was duly established *prima facie,* supported by the well-

established presumption that where the cause of death was either accident or suicide, and there is no evidence explaining the cause, the law presumes that the death was accidental. The defendant pleaded and undertook to establish as an affirmative defense that the deceased intentionally jumped in front of the train for the purpose of ending his life. Several eye-witnesses, employees of the Interborough Rapid Transit Company, gave direct testimony to this effect, and the evidence was uncontradicted by any other testimony. Strong attack was made, in the cross-examination, upon the accuracy of the testimony of these eye-witnesses and as to the probability of their having seen all that they testified to, and it was also shown that they might be classed as interested to some extent, on the theory that deceased was intoxicated at the time and, therefore, the railroad company owed some duty of care over the person of an intoxicated passenger admitted to the station platform. Indeed it was shown that the witnesses had been examined by the counsel of the railroad and had then been turned over to the defendant. The credibility of their testimony was, therefore, for the jury. This direct testimony, however, cast upon the plaintiff the burden of meeting defendant's affirmative case for the rule is, and it is conceded, and was so charged by the trial court, that the burden of proof that the death was accidental is upon the plaintiff, on the whole case. This testimony was met in part by facts brought out in plaintiff's direct case, it having been shown that the deceased had taken seven drinks of whisky during the evening, four of them within a short time before the accident, and also that the deceased had taken such a roundabout way to his home that the jury might infer that he was under the influence of liquor at the time of the alleged accident. The defendant's case was further met by rebuttal evidence tending to show that the deceased had no motive whatever for committing suicide and that there was nothing in his conduct indicating any intention to commit suicide. This evidence as opposed to defendant's raised an issue of fact which was for the jury. The learned trial justice, however, nullified his charge that the burden of proof on the whole case was with the plaintiff by twice pointedly instructing the jury in connection with the

burden of proof that "If the facts are equally susceptible of either construction — that is, suicide on the one hand, accident upon the other, it will be presumed that the death was the result of an accident and not of a wrongful intent." This was tantamount to instructing the jury that if the evidence was evenly balanced the law resolved it in favor of the plaintiff. This squarely put upon the defendant the burden of producing a preponderance of evidence and was directly contrary to the charge that the burden of proof on the whole case was on the plaintiff. As was said in *Whitlatch* v. *Fidelity & Casualty Co.* (149 N. Y. 45), where the issue is so close it is extremely important to have the rules as to the burden of proof correctly given to the jury. These contrary instructions were confusing to say the least and could only have been understood by the jury as meaning that if upon all the evidence they were in doubt or if the scales hung evenly balanced, the law presumed the issue in favor of the plaintiff. The court would have been entirely correct in telling the jury that the presumption of law is against suicide and that in weighing the evidence they should give due weight to this presumption, but a charge that, where the facts are equally susceptible of either construction, the presumption is that death was the result of an accident is only appropriate in cases where the cause of death is unexplained, as, for example, where a man's body is found in a room with a discharged revolver by his side and there is no other evidence in the case. The court confused this rule of presumption, which is available only for the purpose of taking the place of unobtainable evidence, with the burden of proof. The defendant's exception was duly taken and the court's attention specifically directed to the error, but this only led to a repetition of the erroneous charge.

It was also error to permit recovery of double indemnity upon the theory that the injury was sustained by the insured " while in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service." The platform of a subway station is not a " public conveyance." (*Van Bokkelen* v. *Travelers' Ins. Co.*, 34 App. Div. 399; affd., 167 N. Y. 590.) In the *Van Bokkelen* case the policy insured against accident " if such

injuries are sustained while riding as a passenger in any passenger conveyance." It was held that this excluded an injury received by a passenger riding otherwise than inside a passenger conveyance. In that case the deceased fell from the platform or steps of the car. The court pointed out the reason for the company's being willing to double its liability, saying: " The defendant was willing to double its liability in case the deceased should sustain injuries when in a particular place, surrounded by such safeguards that there would be less probability of injury. It is quite apparent that a passenger upon a railroad train is much less exposed to accident when in the car than when approaching the car or when upon the platform, either entering or alighting from it." It scarcely can be doubted that a passenger is more exposed to danger when standing upon the island platform of the Ninety-sixth street subway station than when riding in one of the subway cars. Counsel for the plaintiff places much reliance upon *Northrup* v. *Railway Passenger Assurance Co.* (43 N. Y. 516), which in turn was based upon *Theobald* v. *Railway Passengers Assurance Co.* (10 Exch. 45). The provisions of the policy in the *Northrup* case were essentially different. The policy insured against death from personal injury " when caused by any accident while traveling by public or private conveyances provided for the transportation of passengers." In the course of a journey by a connecting steamboat and railway line, the deceased fell upon a slippery sidewalk while walking from the steamboat landing to the railway station, as was usual for travelers on that route, and thereby received injuries which caused her death. The court emphasized the intention of the policy to insure against accident *while traveling* and held that the injury received while necessarily walking in the actual prosecution of the journey was received while traveling by public conveyance within the meaning of the policy, " as such walking is the actual and necessary accompaniment of such travel." In the *Theobald* case the policy insured the holder against any accident that happened to him " from railway accident whilst traveling in any class carriage on any line of railway." The insured was a passenger on a railway train and was injured in getting off the train after it had stopped, and it was held to be a railway accident while traveling in a railroad carriage within

the meaning of the policy. As the court said in the *Van Bokkelen* case, in distinguishing the *Theobald* case: " The language used was evidently intended to apply to a passenger using either of the various classes in which English railway trains are divided, rather than to limit the operation of insurance to injuries sustained when he was in the passenger conveyance." The court then said of the *Northrup* case that it " presented a question similar to that in the last-named case." In the case at bar the deceased boarded the subway train at One Hundred and Tenth street, proceeded to Ninety-sixth street and then, evidently intending to retrace his journey, necessarily crossed the island platform to board the approaching shuttle train which caused his death. He was traveling, his journey was unfinished, and it was necessary to alight upon the island platform in order to complete the journey. In order to bring the case within the *Northrup* decision, it is necessary to write into the policy words that would make it read: " If such injury is sustained by the insured while traveling by a public conveyance," instead of reading " if such injury is sustained by the insured while in or on a public conveyance." This would materially broaden the liability, and the court is not warranted in doing this by writing in words where the natural meaning of the language actually employed by the contracting parties is plain and unambiguous, particularly in view of the decision in *Van Bokkelen* v. *Travelers' Ins. Co.* (*supra*) and *Houlihan* v. *Preferred Accident Ins. Co.* (196 N. Y. 337). The plain meaning of this policy is that it insures against injuries sustained by the insured while in or upon a car or other public conveyance, and not while in a railway station. The court, therefore, improperly applied the rule of double liability.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.