BESSIE FINK, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

City Court of New York, Trial Term, New York County, February 5, 1936.

*Harold M. Phillips*, for the plaintiff.

*K. & D. Barker* [*Louis H. Cooke* of counsel], for the defendant.

WENDEL, J. These two actions, pursuant to stipulation, were tried together. Each action was brought to recover double indemnity benefits under policies of life insurance. The policies provide that where the death of the insured results " directly and independently of all other causes from bodily injury effected solely through external, violent and accidental causes," a double indemnity benefit would be paid. Defendant has paid the face amount of the policies, but denies liability for double indemnity.

There is no substantial dispute as to the facts. The insured was a patient in the Montefiore Hospital in a ward on the third floor. At six o'clock in the morning of the 14th of July, 1934, one of the attaches of the hospital found the dead body of the insured on a grassy plot a few feet away from the wall of the hospital, directly below an outside staircase. An interne of the hospital testified that on the body of the deceased there were bruises and contusions, especially on the right shoulder, and a physician testified that he found numerous broken bones and a fractured skull besides wounds and abrasions. His opinion was that death was caused by a fall. There was no eye witness to what actually happened to cause the death. The defense was suicide, the policy providing that no double indemnity would be paid " if the insured's death resulted from self-destruction, whether sane or insane." The only evidence which might bear upon the defense is the testimony of the physician that the insured suffered from an incurable ailment known as Hodgkins disease.

Plaintiff takes the position that the situation in which the body was found constitutes sufficient proof of the accidental death of the insured and that the burden of proof as to suicide rests upon the defendant. The defendant, on the other hand, insists that plaintiff has the entire burden of proof as to accidental death and absence of suicide.

While it is true that the burden of proof rests with the plaintiff to show that the cause of death was accidental (*Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45), nevertheless plaintiff, aided by the presumption against suicide, is not obliged to prove that deceased did not commit suicide (*Hodgson* v. *Preferred Acc. Ins. Co. of New York*, 100 Misc. 155; *Weil* v. *Globe Indemnity Co.*, 179 App. Div. 166; *Herschkowitz* v. *Mutual Life Ins. Co.*, 93 Misc. 522; *White* v. *Prudential Ins. Co. of America*, 120 App. Div. 260), unless defendant sufficiently rebuts the presumption. This has not been done.

The evidence of accidental death is sufficient. There need not be "direct and positive evidence on the subject. The simple question * * * is whether there was circumstantial or other evidence sufficient to justify a fair and reasonable inference that the death resulted from external, violent, and accidental means." (*Larkin* v. *Inter-State Casualty Co.*, 43 App. Div. 365.)

The proposition that the defense of suicide must be pleaded and proved by the defendant has been upheld in *Martorella* v. *Prudential Insurance Co. of America* (268 N. Y. 586). In that case the appellate court affirmed a judgment for plaintiff when the trial judge charged that the burden of proof on the issue of suicide was upon the defendant and left it to the jury to determine whether the defendant had established by a fair preponderance of evidence that insured's death was the result of suicide. Such burden of proof has not been sustained by the defendant herein.

Judgment for plaintiff as demanded in her complaints. Execution is stayed for ten days and defendant is given thirty days to make and serve a case on appeal.