ANNA BOLGER, as Administratrix, etc., of PAUL EDWIN BOLGER, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, February 26, 1937.

*William C. Prime,* for the appellant.

*Myron J. Shon,* for the respondent.

PER CURIAM. The action is to recover double indemnity upon four industrial life insurance policies because of the death of the insured by violent and external accidental means. Defendant appeals from a judgment entered upon a verdict directed in favor of plaintiff.

The only point on the trial that was saved by the appellant was whether there was or was not a presumption against suicide. The proof established that the insured died from carbon monoxide poisoning, and defendant conceded that a death from such a cause was due to violent and external means. Defendant disavowed a desire to go to the jury or to submit to the jury the question whether or not under such a state of proof the death was accidental, insisting that the question was one of law and that the plaintiff was obligated to adduce the circumstances of death rather than rest on the presumption against suicide, which, the defendant declared, was non-existent. The plaintiff's *prima facie* case was aided by the inference of accident arising from the conceded death by violent and external means, which inference arises as a consequence of the presumption against suicide. (*Mallory* v. *Travelers' Ins. Co.,* 47 N. Y. 52; *Weil* v. *Globe Indemnity Co.,* 179 App. Div. 166; *White* v. *Prudential Insurance Co.,* 120 id. 260; *Cornell* v. *Travelers' Insurance Co.,* Id. 459; *Harms* v. *Metropolitan Life Ins. Co.,* 67 id. 139; *Williams* v. *U. S. Mut. Accident Assn.,* 82 Hun, 268; *Traphagen* v. *Fidelity & Casualty Co.,* 45 id. 592; opinion, 10 N. Y. St. Repr. 716; *Germain* v. *Brooklyn Life Ins. Co.,* 30 Hun, 535.)

The plaintiff's case being *prima facie* sufficient, the duty rested upon the defendant to go forward with evidence of circumstances surrounding the death from which the defendant wished to have drawn the inference of suicide (*Traphagen* v. *Fidelity & Casualty Co., supra; Christy* v. *Am. Temperance Life Ins. Assn.,* 68 Misc. 178; *Martorella* v. *Prudential Ins. Co.,* 268 N. Y. 586; *Fink* v. *New York Life Insurance Co.,* 158 Misc. 441), even though the burden upon the whole case rested upon the plaintiff to establish that the death was due to violent, external and accidental means. (*Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45.)

The judgment and order should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ.

Judgment in favor of plaintiff and order denying motion for a new trial unanimously affirmed, with costs.