LILIA F. JAHN, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Action for the amount of coverage under a policy of accident insurance. Judgment for the plaintiff reversed on the law and a new trial ordered, costs to abide the event. The court erred in its charge at folios 673, 692, 693 and 695. The errors in those particulars grew out of the assumption that at the close of the entire case the plaintiff was entitled to the benefit of the presumption of law against suicide. That presumption is only available when there is no evidence adduced by the defendant from which it may be inferred that the death was suicidal. When such evidence is adduced the presumption may not be given weight as evidence. The jury should have been charged that the plaintiff, in the first instance, made out a *prima facie* case when it established that the policy had been issued and was in force at the time of the

insured's death; that his death was due to carbon monoxide poisoning and, if it was not conceded, the jury might find that a death from such a cause was due to "violent and external means;" and that upon these facts the presumption of law against suicide could be invoked by the plaintiff to establish that the death was "accidental." They, however, should also have been charged that when the defendant adduced proof which indicated that the decedent's death was due to suicide, the jury should then, from all the evidence which it credited, decide without regard to any presumption, whether the insured had died as a consequence of accident or as a consequence of suicide, and that on the whole case, the burden of proof to establish that the death was due to accidental means was upon the plaintiff. The jury should have been charged that in weighing the evidence, if upon the whole case the evidence which it credited was evenly balanced on the issue of accidental death or suicidal death, the verdict must be for the defendant; that only in the event the evidence preponderated in support of a finding of accidental death should the verdict be for the plaintiff. In other words, with respect to the presumption against suicide, a distinction is to be made between its availability where the defendant rests upon the plaintiff's proof, and those cases where the defendant adduces substantial evidence which, it contends, establishes that the death was due to suicide. (*Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45; *Bolger* v. *Prudential Insurance Co.,* 250 App. Div. 122; *Weil* v. *Globe Indemnity Co.,* 179 id. 166; *N. Y. Life Ins. Co.* v. *Gamer,* 303 U. S. 161, 171.) Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.