LILLIAN NEBENZAHL WEIDY, as Administratrix, etc., of IRVING NEBENZAHL, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

First Department, May 5, 1939.

*Abraham Gruber* of counsel [*Joseph G. Telchin* with him on the brief; *Solon Weit*, attorney], for the appellant.

*Arthur G. Warner* of counsel [*Louis Weinberger*, attorney], for the respondent.

GLENNON, J. This action was instituted in the Municipal Court, City of New York, Third District, Manhattan, to recover certain accidental death benefits alleged to be due under the provisions of three policies of insurance, issued by the defendant upon the life of one Irving Nebenzahl.

The policies provided that the benefits were payable only in the event that death was caused by external, violent and accidental means. Each policy contained a provision that in the event death resulted from suicide, the accidental death benefits could not be recovered.

It is stated by the defendant, and properly so, that there was only a single issue in the entire case, that is, whether or not the

insured's death was the result of accidental means. The case was submitted by the court to a jury which rendered a verdict in favor of defendant. An appeal was taken to the Appellate Term, First Department, which unanimously reversed the judgment with the following *per curiam* opinion: " It was error to refuse to instruct the jury that in determining whether the violent death of the deceased was either the result of accidental injuries or of a suicidal act, that there is a presumption against suicide."

Pursuant to leave granted by this court defendant has appealed from the order and determination of the Appellate Term.

It was not disputed upon the trial that the insured met his death by drowning in the Harlem river on April 7, 1933. Defendant contends, however, that the circumstantial evidence introduced upon the trial indicated that the insured committed suicide. It argues that up to four days before his death the insured had acted normally, but that the death of close relatives within a short period of time preyed upon his mind; he became suspicious of the tenants of the rooming house in which he lived and complained that detectives and a doctor were spying on him; that during that period the insured had a peculiar stare in his eyes. It points to the fact that the body of the insured was discovered in the water near the Harlem River Bridge, fully clothed with the exception of a jacket and an overcoat. It contends that the insured's jacket and overcoat were on the bridge lying over the railing which was forty-four inches in height, and that the insured being sixty-five inches in height could not have fallen over the railing accidentally. The height ·of the railing is not disputed.

. The difficulty with defendant's argument with reference to the ownership of the overcoat and jacket, which were found upon the railing, is that defendant failed to show by competent evidence that these articles of clothing belonged to the deceased. In order to sustain defendant's contention in that regard one would have to infer that the garments were the property of the deceased and then conclude that he placed them upon the railing prior to entering the water, since there were no eye-witnesses to the drowning.

If we were to adopt the defendant's claim that the insured, by reason of his acts within the four-day period before his death, was mentally unbalanced, it would not follow that he committed suicide. If he were insane, it might well be that he approached the bank of the river, slipped therefrom and fell into the water. The evidence adduced by the defendant was insufficient to destroy the presumption against suicide.

The testimony which was favorable to the plaintiff would lead one to the conclusion that the deceased could have had no motive

to take his own life. He was employed gainfully; had saved some money and, as one witness at least expressed it, he was of a " happy go lucky " disposition. About two weeks before the insured was drowned, his half-sister, who was much older in years than he, had died. Prior to her death he saw her but once or twice a year. It does not follow therefrom that this event should have affected the mind of the insured in such a way as to cause him to commit suicide.

The rule in this State relative to trial procedure and burden of proof in actions of this type is well summed up in *Bolger* v. *Prudential Insurance Co.* (250 App. Div. 122) as follows:

" The plaintiff's *prima facie* case was aided by the inference of accident arising from the conceded death by violent and external means, which inference arises as a consequence of the presumption against suicide. (*Mallory* v. *Travelers' Ins. Co.*, 47 N. Y. 52; *Weil* v. *Globe Indemnity Co.*, 179 App. Div. 166; *White* v. *Prudential Insurance Co.*, 120 id. 260; *Cornell* v. *Travelers' Insurance Co.*, Id. 459; *Harms* v. *Metropolitan Life Ins. Co.*, 67 id. 139; *Williams* v. *U. S. Mut. Accident Assn.*, 82 Hun, 268; *Traphagen* v. *Fidelity & Casualty Co.*, 45 id. 592; opinion, 10 N. Y. St. Repr. 716; *Germain* v. *Brooklyn Life Ins. Co.*, 30 Hun, 535.)

" The plaintiff's case being *prima facie* sufficient, the duty rested upon the defendant to go forward with evidence of circumstances surrounding the death from which the defendant wished to have drawn the inference of suicide (*Traphagen* v. *Fidelity & Casualty Co.*, *supra; Christy* v. *Am. Temperance Life Ins. Assn.*, 68 Misc. 178; *Martorella* v. *Prudential Ins. Co.*, 268 N. Y. 586; *Fink* v. *New York Life Insurance Co.*, 158 Misc. 441), even though the burden upon the whole case rested upon the plaintiff to establish that the death was due to violent, external and accidental means. (*Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45.)"

Since plaintiff was entitled to the benefit of the presumption against suicide in establishing her case, the jury should have been so instructed by the court in the light of the testimony which was adduced upon the trial. The evidence was not sufficient to sustain the finding that the death of the deceased was not due to accident. Consequently, the case of *N. Y. Life Ins. Co.* v. *Gamer* (303 U. S. 161) is distinguishable. There said Mr. Justice BUTLER: " The evidence being sufficient to sustain a finding that the death was not due to accident, there was no foundation of fact for the application of the presumption; and the case stood for decision by the jury upon the evidence unaffected by the rule that from the fact of violent death, there being nothing to show the contrary, accidental death will be presumed. The presumption is not evidence and may not be given weight as evidence."

The determination appealed from should be affirmed, with costs and disbursements to the respondent, and judgment absolute directed in favor of the plaintiff, with costs, pursuant to stipulation.

MARTIN, P. J., O'MALLEY, UNTERMYER and COHN, JJ., concur.

Determination unanimously affirmed, with costs and disbursements, and judgment absolute directed in favor of plaintiff, with costs, pursuant to stipulation.