JEANETT STEINMANN, Also Known as JANET STEINMANN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, October 27, 1939.

*Herbert F. Garrick* of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant.

*August P. Klein* of counsel [*William S. O'Connor* with him on the brief; *Alexander A. Doblin,* attorney], for the respondent.

UNTERMYER, J. The action is upon a policy of life insurance issued by the defendant upon the life of William Steinmann designating the plaintiff, his wife, as beneficiary. The policy contains provisions for double indemnity in the event of the death of the assured by accident. On May 25, 1938, William Steinmann died as the result of asphyxiation by illuminating gas under circumstances which would have justified a finding by the jury that he had met death by suicide. Upon the death of William Steinmann the defendant paid to the plaintiff the face amount of the policy but refused to pay the double indemnity, contending that the death of William Steinmann was the result of suicide. At the trial the jury rendered a verdict for the plaintiff.

In submitting the case to the jury the court charged that the presumption against suicide remained to be considered by the jury. We think the charge presents error which may have affected the result and requires the granting of a new trial. The burden of proof at all times rested on the plaintiff to establish that the death of William Steinmann was the result of accident and, accordingly, that it was not the result of suicide. The plaintiff was assisted in establishing a *prima facie* case by the presumption against suicide which served to shift to the defendant the necessity of proceeding with countervailing proof. That presumption disappeared, however, when the defendant had produced evidence sufficient to rebut it. At the conclusion of the trial the burden of proof remained, where it had always rested, with the plaintiff to establish to the satisfaction of the jury that the assured had met death by accident and not by suicide. (*New York Life Ins. Co.* v. *Gamer,* 303 U. S. 161; *Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45; *Weidy* v. *Prudential Ins. Co.,* 256 App. Div. 778; *Bolger* v. *Prudential Ins. Co.,* 250 id. 122.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.