FAY SHALITA, Plaintiff, *v.* AMERICAN MOTORISTS INSURANCE COM-
PANY, Defendant.

Third Department, April 28, 1943.

*Isidore Orseck (Ellsworth Baker* of counsel), for plaintiff.
*George F. Roesch* for defendant.

Schenck, J. This matter is submitted upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

The defendant, American Motorists Insurance Company, by a policy issued October 21, 1939, effective for one year, agreed " to pay on behalf of the insured [Oke Okeson] all sums which the insured shall become obligated to pay " as a result of accident arising out of the operation of Okeson's automobile. The defendant agreed as well to defend Okeson against suit reserving the right to investigate, negotiate and settle claims or suits. On February 6, 1940, Okeson was involved in an accident, his automobile having collided with another in which the plaintiff Shalita was a passenger. Notice of this accident was received from Okeson by the defendant through one of its local agents.

Shalita, the plaintiff herein, had been injured in the accident and an investigation by the defendant was conducted which included the securing of statements from various witnesses and as well from Okeson, its insured. From this investigation, the defendant was led to believe that Okeson was not at fault.

Okeson, an engineer employed at a hotel at Parksville, New York, disappeared June 4, 1940. The reason for his disappearance is unknown. It is agreed that this defendant made every reasonable effort to locate Okeson, but without success.

Subsequent to Okeson's unexplained disappearance, plaintiff commenced an action, procuring on June 26, 1940, an order for substituted service. Service having been thus effected, this defendant was first apprised of the action by letter from the plaintiff's attorney. The insurance company, on behalf of Okeson, served an answer and by letter reserved its rights to deny liability because of Okeson's violation of the terms of the policy or possible future breach of such terms. A series of letters addressed to Okeson by the defendant advising him of the commencement of the action, the necessity for his cooperation for the successful defense of the suit, the assured's obligation to cooperate under the terms of the policy and reserving the right of disclaimer, were all returned undelivered. Requests by mail to Okeson for his presence for preparation and at the trial were also returned undelivered. The case having been reached for trial on February 13, 1941, the company's attorney then stated to the court that efforts to locate the assured had been unavailing and " because of the absence of the defendant and the impossibility of providing a defense " permission was sought to withdraw from defense of the lawsuit. Such permission was granted and judgment upon default was rendered for the plaintiff. Execution having been returned unsatisfied upon such judgment, plaintiff brings this action against the defendant under section

167 of the Insurance Law. The defendant asserts that it is free of liability by reason of the assured's failure to co-operate in the defense of the action or to perform the conditions all as required under its contract of insurance.

Under the conditions of the policy the assured was required to give notice of accident to the company and in the event of suit to forward process to the defendant. It is further provided that " the insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits  *  *  *.'' It is further provided in the policy that " no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof  *  *  *.''

(1) The insured's obligation under the policy (Condition 3) to attend upon preparation for and at the trial is not discharged merely by co-operation up to that point. Although the performance of this condition may have been contingent upon the company's request, that the insured did not in fact receive the many requests sent because of his disappearance does not of itself excuse lack of performance. Appropriate and active defense of claims by insurers might otherwise be rendered impossible by easy evasion.

There is explicit in the contract the contemplated availability of the insured. The opportunity of the insurer to deal with third persons seeking to impose liability for the acts of the insured in most instances depends upon the latter's presence and co-operation. So it is that the absence or nonavailability of the insured is *prima facie* a breach of the conditions of the policy. (*Schoenfeld* v. *New Jersey F. & P. G. Ins. Co.,* 203 App. Div. 796.)

(2) It is true that the insured's absence may not in all instances be a breach of a policy having these conditions. Death, conceivably, loss of memory, a great variety of circumstances can be imagined under which the failure of the insured to present himself might be sufficiently explained and excused. There is, therefore, presented the question as to which of these parties must furnish such explanation or failing to do so shall be deficient in proof of the claim or defense.

Section 109 of the Insurance Law antecedent to the present section 167 gave to the third party no rights beyond those of an insured seeking repayment from his company. Construing that provision it was said in *Coleman* v. *New Amsterdam*

*Casualty Co.* (247 N. Y. 271, 275): " The effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater. Assured and claimant must abide by the conditions of the contract." Section 167, paragraph 1, subdivisions (a) and (b), does not enlarge upon such rights but grants as to the questions now under consideration similar rights. The creation of an original obligation in favor of the judgment creditor against the insurer was at one time proposed but did not become a part of the final general revision of the Insurance Law which was effected in 1939. (Insurance Law Revision, Tentative Draft, 1937 at p. 185.)

However, paragraph 5 of section 167 is new and for the first time provides as to the action over by third persons against the company that where the latter defends " that the insured failed or refused to cooperate with the insurer in violation of any provision in the policy or contract requiring such cooperation, the burden shall be upon the insurer to prove such alleged failure or refusal to cooperate." The amendment became effective by Laws of 1939, chapter 882, on January 1, 1940. Though the insurance contract herein had its inception prior thereto, the rights of the parties in this proceeding must be considered as affected by the amendment upon a procedural matter. (*Sackheim* v. *Pigueron,* 215 N. Y. 62; *Gazzola* v. *O'Brien,* 169 App. Div. 602.)

The policy provides (Condition 13) that compliance by the insured with the conditions of the policy shall be a condition precedent to an action against the company. But in any event the showing of the insured's absence for preparation of the defense and at the trial required the plaintiff to come forward with explanation or excuse. (*Rushing* v. *Commercial Casualty Ins. Co.,* 251 N. Y. 302.) Having failed to explain, and indeed it appears that she cannot do so, the proof unanswered establishes the insured's breach of the policy. That the insurer bears the burden of proving such breach does not alter or destroy the obligation of the opposing party to meet evidence which standing alone makes such *prima facie* defense. (*Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45; *Farmers' Loan & Trust Co.* v. *Siefke,* 144 N. Y. 354.) The continuing burden of proof upon the defendant as to the entire affirmative defense does not relieve the plaintiff from bringing forward her evidence to meet the issue thus presented. (*Bolger* v. *Prudential Ins. Co.,* 250 App. Div. 122; *Jahn* v. *Commercial Travelers Mut.*

*Acc. Assn.*, 256 App. Div. 835; *Rushing* v. *Commercial Casualty Ins. Co., supra;* 9 Wigmore on Evidence [3d ed.] § 2485 *et seq.*)

(3) Plaintiff urges that defendant has not asserted or shown actual prejudice as a result of the insured's disappearance. The agreed statement is in fact self-contradictory in some respects. It is agreed that the defendant was reasonably led to believe that there existed a meritorious defense to the action against Okeson. Nevertheless, it is elsewhere stipulated that Okeson's negligence as well as that of another brought about the accident. Such contradiction, if on a material matter, would require a dismissal of the submission. (*Lafrinz* v. *Whitney,* 233 N. Y. 107.)

Under the view taken, however, such contradiction is not upon a material matter. The insured's absence, even though his testimony as to the cause of the accident might be adverse, is a serious handicap in settlement of the claim or upon a trial for the determination of damages. Accepted techniques of preparation, adjustment of claims, and trial practice confirm this. (*Cameron* v. *Berger,* 336 Penn. St. 229.) Nor as a matter of contract may we measure the extent or quality of what is obviously more than a trivial breach of the terms of agreement. (*Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271.)

(4) The defendant company did not waive the breach of the policy occasioned by Okeson's absence from the trial. It may be that insofar as the insured failed to perform the conditions required of him in preparing for trial, the company had waived such default. However, persons do not ordinarily disappear and the continuation of the defendant's efforts to locate the insured was consistent with its conduct, for the time being at least, in appearing for its insured in the action which plaintiff had commenced. Indeed, had Okeson been found or reappeared, it might be said that had the insurer done otherwise under the circumstances, it would have been indifferent in the discharge of its obligations. It was not bound to anticipate that Okeson would not appear in time for the trial. But that having occurred, the defendant's withdrawal " because of the absence of the defendant and the impossibility of providing a defense " was sufficient to preserve its choice to stand at least upon that ultimate breach of its contract. (*Briskman* v. *Glens Falls Indemnity Co.,* 251 App. Div. 319.)

Judgment should be granted in favor of the defendant, dismissing the complaint.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment granted in favor of the defendant, dismissing the complaint, without costs.