■ DANIEL J. AMATUCCI et al., Respondents, v. MARYLAND CASUALTY COMPANY, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court, Sullivan County, granted pursuant to section 167 of the Insurance Law and entered on June 12, 1964. As a result of an automobile accident each of the plaintiffs recovered a judgment against Michael A. Salvati. He had disappeared prior to the trial and his insurer, the defendant Maryland Casualty Company, refused to pay the judgments on the ground that Salvati had breached the co-operation clause of his insurance contract. The issue before us is whether or not Salvati's disappearance affords appellant the defense of breach of the co-operation clause. There appears to be no dispute about the facts. The proof shows that following the commencement of the negligence action against Salvati he gave a statement to defendant's representative and later willingly appeared and testified at plaintiffs' examination before trial. He disappeared before signing the transcribed minutes and, in spite of a most thorough search by defendant, has not been seen or heard from since. Defendant's claims manager, its claims adjuster and two of its hired investigators failed to find Mr. Salvati who at that time was 72 years of age. Evidence presented at the trial disclosed that on several occasions he had expressed a desire to commit suicide. Although he was a member of a large family none of them had seen him after his disappearance and he had failed to appear at the funerals of his brother and another relative, Katherine Salvati. A 13-State alarm produced no results. One witness, Charles White, testified that on July 7, 1961 he gave Salvati a ride from a point near Middletown to Newburgh; that during the trip Salvati

appeared "peculiar", acted "depressed" and mentioned that he felt like jumping in the river — a statement White had heard him make on prior occasions; that Salvati was going to see a doctor about his hands; and had arranged to return to Middletown with White but that he was not at the appointed place and has not been seen or heard from since. White also testified that Salvati had been drinking that day. There is further proof that a $1,000 legacy due Salvati from his brother's estate has not been claimed although attempts have been made to locate him by the estate's representative. We agree with the trial court's finding that the defendant has done everything reasonably possible to locate the insured. Likewise, we are in accord with its conclusion that because of all the circumstances disclosed by the evidence it cannot be held that the co-operation clause has been breached. In *Wallace* v. *Universal Ins. Co.* (18 A D 2d 121, affd. 13 N Y 2d 978) the court, noting the start of a policy of compulsory insurance with the accompanying legislative intent that innocent victims be protected, required of the insurer proof that the attitude of the missing insured was one of willful and avowed obstruction. As a prerequisite to raising the defense of lack of co-operation, it was also required of the insurer that it must have made adequate effort to locate the insured. These requirements are now well settled (*Kehoe* v. *Motorists Mut. Ins. Co.*, 20 A D 2d 308; *National Grange Mut. Ins. Co.* v. *Lococo*, 20 A D 2d 785, affd. 16 N Y 2d 585; *Rosen* v. *United States Fid. & Guar. Co.*, 23 A D 2d 335). However, showing that the insured is missing and that his disappearance is unexplained is not enough to establish the insurer's defense of breach of the co-operation clause. Long before the passage of compulsory insurance it was noted in *Shalita* v. *American Motorist Ins. Co.* (266 App. Div. 131, 133, mot. for lv. to app. den. 291 N. Y. 831) that the insured's absence would not automatically provide a breach of the co-operative clause and that "Death, conceivably, loss of memory, a great variety of circumstances can be imagined under which the failure of the insured to present himself might be sufficiently explained and excused." Here we have no evidence of willful and avowed obstruction on Salvati's part. He fully co-operated up to the time of his disappearance and there is no proof nor inference that his disappearance was in any way related to the lawsuit. Rather, considering his age, his physical and mental condition and the circumstances surrounding his last journey to Newburgh with Mr. White, the inference is that Salvati is probably dead. The very fact that he was not found after the exhaustive search made by the defendant and others tends, in our opinion, to support this inference. In our view appellant's contention that such proof as seven years' absence, a catastrophic event or the like is necessary to show death has no merit under the circumstances here. Our concern is whether Salvati willfully and avowedly obstructed his insurer in its defense of the action. The probability of death here present is totally inconsistent with any idea of non-co-operation. It appears to us that the plaintiffs have sustained whatever burden they have in the face of the appellant's mere showing of disappearance and its failure to produce any evidence of non-co-operating. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.